******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

WELLS FARGO BANK MINNESOTA, N.A. *v.* STEVEN
RUSSO ET AL.
(AC 35354)

Gruendel, Lavine and Pellegrino, Js.

*Argued December 10, 2013—officially released February 18, 2014*

(Appeal from Superior Court, judicial district of
Hartford, Hon. Robert Satter, judge trial referee [motion
for summary judgment]; Vacchelli, J. [motions to open,
judgment of foreclosure].)

*Steven Russo*, self-represented, the appellant

(named defendant).

*Marissa I. Delinks*, with whom, on the brief, were *Valerie N. Doble* and *Martha Croog*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. In this foreclosure action, the self-represented defendant Steven Russo[1] appeals from the judgment of the trial court granting the motion of the plaintiff, Wells Fargo Bank, N.A.,[2] to open a judgment of foreclosure by sale and denying his motion to open that judgment. He claims that the court abused its discretion in so doing. We affirm the judgment of the trial court.

The relevant facts are largely undisputed. On September 15, 2003, the defendant and his wife executed a promissory note in favor of the plaintiff's predecessor in interest in the principal amount of $288,750, which was secured by a mortgage on real property known as 71 Kingsbridge in Avon (property). When they defaulted on their obligations thereunder, a foreclosure action commenced in the summer of 2004. After a default judgment entered against them for failure to plead, the court rendered the first of mutiple judgments of foreclosure by sale on December 12, 2005.

On November 11, 2008, the defendant and his wife entered into a loan modification agreement with American Home Mortgage Servicing, Inc., the plaintiff's loan servicer, regarding the note and mortgage on the property. That agreement provided, inter alia, that (1) the outstanding arrearage on the loan would be added to the principal balance, (2) the defendant and his wife would be permitted to make interest only payments for a period of five years, (3) the interest rate on those payments would be reduced from the existing rate of 7.5 percent to a fixed rate of 5 percent for that five year period, and (5) no fees would be assessed against them to complete the loan modification. Pursuant to "Schedule A" of that agreement, which the defendant and his wife initialed, the new principal balance as of October 1, 2008, was $335,360.30.

In July, 2010, the court entered an order returning the plaintiff's foreclosure action to pleading status, and the defendant filed an answer and a special defense. The plaintiff subsequently filed a motion for summary judgment as to liability, which the court granted. The court further denied the defendant's motion for reargument and reconsideration, as well as two motions to dismiss. The plaintiff then filed a motion for a judgment of foreclosure[3] and the court, on July 18, 2011, rendered a judgment of foreclosure by sale. From that judgment, the defendant appealed to this court, which affirmed said judgment. *Wells Fargo Bank Minnesota, N.A.* v. *Russo*, 135 Conn. App. 903, 41 A.3d 1208, cert. denied, 306 Conn. 901, 52 A.3d 728 (2012). This court thus remanded the matter to the trial court "for the purpose of setting a new sale date." Id.

On September 12, 2012, this court summarily dismissed a second appeal filed by the defendant in the

present case; he did not seek reconsideration of that ruling. On October 16, 2012, the plaintiff filed a motion to open and reenter the July 18, 2011 judgment of foreclosure in light of the foregoing proceedings. In response, the defendant on December 5, 2012, filed a motion to open and set aside the judgment of foreclosure "to allow [him] to motion the court for the opportunity to receive foreclosure mediation." At that time, the defendant also filed with the court a foreclosure mediation request. In an order issued on January 2, 2013, the court denied the defendant's motion. The court further granted the plaintiff's motion to open and reenter the judgment of foreclosure, setting a new sale date of March 23, 2013, and noting that "all other terms of the prior judgment remain in effect."

The defendant now appeals from those determinations, claiming principally that the court improperly granted the plaintiff's motion to open and improperly denied his motion to open the judgment of foreclosure by sale. It is well established that "[a] motion to open and vacate a judgment . . . is addressed to the [trial] court's discretion, and the action of the trial court will not be disturbed on appeal unless it acted unreasonably and in clear abuse of its discretion. . . . In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action. . . . The manner in which [this] discretion is exercised will not be disturbed so long as the court could reasonably conclude as it did." (Citations omitted; internal quotation marks omitted.) *Walton* v. *New Hartford*, 223 Conn. 155, 169–70, 612 A.2d 1153 (1992); see also *Union Trust Co.* v. *Roth*, 58 Conn. App. 481, 481, 755 A.2d 239 (2000) ("[w]hether to grant a motion to open [a judgment of foreclosure by sale] rests in the discretion of the trial court").

The defendant contends that the court improperly granted the plaintiff's motion to open in contravention of Practice Book § 71-6.[4] He is mistaken. Practice Book § 71-6 provides in relevant part that "any stay of proceedings which was in effect during the pendency of the appeal shall continue until the time for filing a motion for reconsideration has expired," which, pursuant to Practice Book § 71-5, is "ten days from the date when the decision or any order being challenged officially is released." This court dismissed the appeal at issue on September 12, 2012, and the defendant thereafter did not file a timely motion for reconsideration. Accordingly, the stay of proceedings provided for in § 71-6 was not in effect when the plaintiff on October 16, 2012, moved to open the judgment of foreclosure.

Moreover, we note that the foreclosure proceeding against the defendant and his wife originally was commenced in 2004, nearly a decade ago. A judgment of foreclosure by sale first was rendered in December, 2005. On July 18, 2011, the trial court ordered a second

foreclosure by sale of the property in question. The record before us is replete with numerous motions filed by the defendant before the trial court, and appeals to this court, regarding those determinations, all of which our courts have deemed to be without merit. On our review of the record before us, we cannot conclude that the court abused its ample discretion in ruling on the parties' respective motions to open the judgment of foreclosure by sale.

The defendant further contends that the court improperly denied his December 5, 2012 request for referral to the foreclosure mediation program. We disagree. On July 18, 2011, the trial court ordered a foreclosure by sale of the property in question. The defendant's referral request was filed more than sixteen months *after* that outstanding judgment was rendered. As such, the court could not entertain that request unless it first granted the defendant's motion to open, which it did not. We therefore conclude that the court properly denied the defendant's referral request in the present case.

The judgment is affirmed and the case is remanded for the purpose of setting a new sale date.

[1] Steven Russo's wife, Dorine Russo, also was named as a defendant, but is not involved in this appeal. We therefore refer in this opinion to Steven Russo as the defendant.

[2] In various pleadings relevant to this appeal, the plaintiff identifies itself as "Wells Fargo Bank Minnesota, N.A., k/n/a Wells Fargo Bank, N.A., as Trustee." Furthermore, the plaintiff appended to its April 29, 2011 opposition to the defendant's motion to dismiss an official certification of that name change from the United States Comptroller of the Currency.

[3] The plaintiff also filed an affidavit of debt, which indicated an outstanding balance of $383,159.81 as of July 18, 2011.

[4] Although the defendant also references Practice Book § 71-7 in his appellate brief, that section plainly is inapplicable in the present case, as neither party at any time sought to obtain a stay of execution pending a decision in the case by the United States Supreme Court.