******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

HSBC BANK USA, NATIONAL ASSOCIATION *v.*
CAMILLE LAHR ET AL.
(AC 37266)

DiPentima, C. J., and Mullins and Norcott, Js.

*Argued December 7, 2015—officially released May 3, 2016*

(Appeal from Superior Court, judicial district of Fairfield, Hon. Richard P. Gilardi, judge trial referee.)

*Nicholas Stanisci*, for the appellant (named defendant).

*William R. Dziedzic*, for the appellee (plaintiff).

*Opinion*

DiPENTIMA, C. J. The defendant Camille Lahr, also known as Camille M. Russo-Lahr, appeals from the judgment of strict foreclosure rendered in favor of the plaintiff, HSBC Bank USA, National Association. On appeal, she claims that the court improperly denied her motion to open the judgment of strict foreclosure. Specifically, she argues that no further actions should have occurred in the case after she had filed a suggestion of death regarding the defendant Charles Lahr (decedent)[1] until the plaintiff applied for an order to substitute the decedent's executor or administrator as provided in General Statutes § 52-599, the survival of cause of action statute. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. On January 3, 2013, the plaintiff commenced a foreclosure action against the defendant and the decedent. In its complaint, the plaintiff alleged that they owed Opteum Financial Services, LLC, $187,000, and that this debt was secured by a mortgage on property located at 155 Lambert Drive in Stratford. The mortgage was transferred to the plaintiff, and it became the party entitled to collect the debt. The plaintiff claimed that the note and mortgage were in default by virtue of nonpayment as of June 1, 2011. The plaintiff sought a foreclosure of the mortgage, immediate possession of the property, a deficiency judgment, the appointment of a receiver to collect rents and profits, reasonable attorney's fees, and other such relief as required.

On May 16, 2014, the court granted the plaintiff's motion to default the defendant for failing to plead. On June 5, 2014, the court granted the plaintiff's motion to default the decedent for failing to appear. On April 9, 2014, the plaintiff moved for a judgment of strict foreclosure.

The defendant filed a suggestion of death on August 11, 2014.[2] It stated that the decedent had died on January 27, 2014.[3] It also referenced § 52-599 and indicated that "the action should be stayed until the plaintiff proceeds pursuant to [that statute]."

On August 18, 2014, the court granted the plaintiff's motion for a judgment of strict foreclosure.[4] It found the fair market value of the property to be $149,000, the debt to be $217,302.20, and attorney's fees in the amount of $3100. It also set the law day for October 14, 2014. The defendant's counsel did not attend the hearing on August 18, 2014.

On September 9, 2014, the defendant moved to open the judgment of strict foreclosure. She again argued that because a suggestion of death had been filed prior to the rendering of judgment, the court should not have proceeded until the plaintiff complied with § 52-599. The court heard argument on September 29, 2014. The

defendant's counsel requested that the court open and vacate the judgment of strict foreclosure because it was not "proper" for the court to render a judgment until the plaintiff substituted a representative of the estate for the decedent. The plaintiff's counsel countered that such a substitution was unnecessary because the plaintiff had filed a lis pendens[5] on the land records, and, therefore, pursuant to General Statutes § 52-325,[6] it was not obligated or required to take any further action. After hearing further argument, the court denied the defendant's motion. It set the new law day for November 18, 2014. This appeal followed.

In her appellate brief, the defendant iterated her argument that § 52-599 caused the case to have no vitality after the suggestion of death had been filed and until a representative of the estate had been substituted for the decedent. She further contended that §§ 52-599 and 52-325 may be harmonized by requiring the plaintiff to substitute the decedent's executor following which § 52-325 would make all further proceedings binding on subsequent takers of the property. The plaintiff countered, inter alia, that § 52-325 controls, and that it was not required to make any substitution in this case.

Following oral argument before this court, we ordered the parties to file supplemental briefs to address the applicability and effect of General Statutes § 52-600 in the present case. Section 52-600 provides: "If there are two or more plaintiffs or defendants in any action, one or more of whom die before final judgment, and the cause of action survives to or against the others, the action shall not abate by reason of the death. After the death is noted on the record, the action shall proceed." We conclude that as a result of § 52-600, the trial court did not abuse its discretion in denying the defendant's motion to open the judgment.

As an initial matter, we identify the limited issue before us. Only the defendant has appealed from the denial of her motion to open the judgment of strict foreclosure rendered on August 18, 2014.[7] "A motion to open and vacate a judgment . . . is addressed to the [trial] court's discretion, and the action of the trial court will not be disturbed on appeal unless it acted unreasonably and in clear abuse of its discretion. . . . In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action. . . . The manner in which [this] discretion is exercised will not be disturbed so long as the court could reasonably conclude as it did." (Internal quotation marks omitted.) *Bank of America, N.A.* v. *Thomas*, 151 Conn. App. 790, 798, 96 A.3d 624 (2014); see also *Wells Fargo Bank Minnesota, N.A.* v. *Russo*, 148 Conn. App. 302, 306, 84 A.3d 1204, cert. denied, 311 Conn. 950, 91 A.3d 462 (2014).

In the present case, the court rejected the defendant's argument that § 52-599 "stopped" or abated the pro-

ceedings until the plaintiff substituted a representative of the decedent's estate. We agree with this determination by the court, albeit on a different basis than the court's apparent acceptance of the plaintiff's position regarding § 52-325. Instead, we note that § 52-600 applies in the present case because the plaintiff had named both the defendant and the decedent in this foreclosure action. That statute specifically states that "[i]f there are two or more . . . defendants in any action, one or more of whom die before final judgment, and the cause of action survives to or against the others, the action shall not abate by reason of the death." General Statutes § 52-600.

This application of § 52-600 is supported by our case law. For example, in *Rocque* v. *DeMilo & Co.*, 85 Conn. App. 512, 522, 857 A.2d 976 (2004), the surviving defendants argued that the death of Frank DeMilo abated the action and deprived the court of subject matter jurisdiction. We rejected this argument, concluding: "The defendants, however, appear to overlook the fact that Frank DeMilo was one of three defendants in the action and that, after his death, the action continued as to his two codefendants. . . . As the action continued against the remaining defendants, the court maintained authority to issue orders regarding pending motions that affected the remaining defendants, including the motion to dismiss the counterclaim. Pursuant to the express statutory authority of § 52-600, the death of Frank DeMilo did not stay the proceedings as to the remaining defendants, and the court, therefore, retained jurisdiction to rule on the motion to dismiss." (Citation omitted; internal quotation marks omitted.) Id.; see also *Warner* v. *Lancia*, 46 Conn. App. 150, 153, 698 A.2d 938 (1997) (pursuant to § 52-600, case could proceed against surviving defendant regardless of whether executrix was substituted for deceased defendant). In the present case, the passing of the decedent did not stay the proceedings *as to the defendant, the sole appellant in this case.* Accordingly, we agree, albeit on different grounds, with the trial court that the foreclosure action in the present case was not abated following the suggestion of the death filed by the defendant. See *Studer* v. *Studer*, 320 Conn. 483, 486, A.3d (2016) (judgment of trial court may be affirmed on different grounds). The court, therefore, did not abuse its discretion in denying the defendant's motion to open the judgment of strict foreclosure.

The judgment is affirmed and the case remanded for the purpose of setting new law days.

In this opinion the other judges concurred.

[1] The plaintiff also named Mortgage Electronic Registration Systems, Inc., as a defendant by virtue of that entity's prior mortgage on the property. For convenience, we refer in this opinion to Camille Lahr as the defendant.

[2] One decision from the Superior Court has noted that in the absence of any appellate authority, "[a] suggestion of death, although not formally recognized by the Practice Book, is the preferred method of compliance with the written notification requirement of § 52-599." *Liljehult* v. *Johnson*,

Superior Court, Judicial District of New London, Docket No. CV-11-6010384-S (October 11, 2013).

[3] The defendant attached a copy of the certificate of death to the suggestion of death filed with the court.

[4] "The law governing strict foreclosure lies at the crossroads between the equitable remedies provided by the judiciary and the statutory remedies provided by the legislature. . . . Because foreclosure is peculiarly an equitable action . . . the court may entertain such questions as are necessary to be determined in order that complete justice may be done. . . . In exercising its equitable discretion, however, the court must comply with mandatory statutory provisions that limit the remedies available to a foreclosing mortgagee. . . . It is our adjudicatory responsibility to find the appropriate accommodation between applicable judicial and statutory principles. Just as the legislature is presumed to enact legislation that renders the body of the law coherent and consistent, rather than contradictory and inconsistent . . . [so] courts must discharge their responsibility, in case by case adjudication, to assure that the body of the law—both common and statutory— remains coherent and consistent." (Internal quotation marks omitted.) *Wells Fargo Bank*, *N.A.* v. *Melahn*, 148 Conn. App. 1, 7, 85 A.3d 1 (2014).

[5] "A notice of lis pendens is appropriate in any case where the outcome of the case will in some way, either directly or indirectly, affect the title to or an interest in real property." *Corsino* v. *Telesca*, 32 Conn. App. 627, 632, 630 A.2d 154, cert. denied, 227 Conn. 931, 632 A.2d 703 (1993).

[6] General Statutes § 52-325 (a) provides in relevant part: "In any action in a court of this state . . . (1) the plaintiff or his attorney, at the time the action is commenced or afterwards . . . may cause to be recorded in the office of the town clerk of each town in which the property is situated a notice of lis pendens, containing the names of the parties, the nature and object of the action, the court to which it is returnable and the term, session or return day thereof, the date of the process and the description of the property, except that no such notice may be recorded in an action that alleges an illegal, invalid or defective transfer of an interest in real property unless the complaint or affirmative cause of action contains the date of the initial illegal, invalid or defective transfer of an interest in real property and such transfer has occurred less than sixty years prior to the commencement of such action. *Such notice shall, from the time of the recording only, be notice to any person thereafter acquiring any interest in such property of the pendency of the action; and each person whose conveyance or encumbrance is subsequently executed or subsequently recorded or whose interest is thereafter obtained, by descent or otherwise, shall be deemed to be a subsequent purchaser or encumbrancer, and shall be bound by all proceedings taken after the recording of such notice, to the same extent as if he were made a party to the action.* For the purpose of this section an action shall be deemed to be pending from the time of the recording of such notice; provided such notice shall be of no avail unless service of the process is completed within the time provided by law. . . ." (Emphasis added.)

[7] The defendant argues that the interpretation of the various statutes at issue in this case requires this court to employ the plenary standard of review. We conclude, for the reasons stated in our analysis, and the procedural posture of this appeal, that the appropriate standard of review is abuse of discretion.

———————————————