PROVIDENT BANK *v.* ELLEN LEWITT
(AC 24285)

Foti, Flynn and Bishop, Js.

Argued May 3—officially released July 27, 2004

*Ellen Lewitt*, pro se, the appellant (defendant).

*David F. Borrino*, for the appellee (plaintiff).

*Opinion*

FLYNN, J. The defendant, Ellen Lewitt, appeals from the trial court's judgment of strict foreclosure rendered in connection with a foreclosure action brought by the plaintiff, Provident Bank. On appeal, the defendant claims that the court improperly (1) allowed title in the property to vest in the plaintiff and (2) failed to provide the defendant with adequate notice of the vesting of title and proper certification of the pleadings. The foreclosure decree became absolute on March 13, 2003, and

title vested in the plaintiff. Therefore, we dismiss the defendant's appeal.[1]

The plaintiff instituted a mortgage foreclosure action against the defendant's property in New Britain on February 19, 2002, and a judgment of strict foreclosure entered on April 15, 2002. After the judgment was opened several times, the law day was set for January 13, 2003. On January 9, 2003, the defendant filed a chapter 7 bankruptcy petition. Although not required to do so by any rule, the plaintiff filed a notice of the extension of the law day until March 10, 2003, with the clerk of the Superior Court in response to the defendant's filing of her bankruptcy petition. Title vested in the plaintiff after the defendant failed to redeem by the extended law day. The plaintiff recorded a certificate of foreclosure on the land records in New Britain on March 13, 2003.

I

The defendant argues that the filing of her chapter 7 bankruptcy petition prior to her law day indefinitely stayed her redemption period by invoking the automatic stay provision of 11 U.S.C. § 362 (a).[2] We are unpersuaded. The filing of the defendant's bankruptcy petition extended the time for her to redeem only by sixty days from the day she filed her petition, pursuant to 11 U.S.C. § 108 (b).[3]

---

[1] In light of our decision that the appeal is moot, it is unnecessary to address the plaintiff's claim that the defendant's appeal is from the trial court's inaction on her motion for articulation and is therefore not from a final judgment.

[2] Section 362 (a) of title 11 of the United States Code provides in relevant part: "[A] petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of . . . (2) the enforcement, against the debtor or against the property of the estate, of a judgment obtained before the commencement of the case under this title; (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate . . . ."

[3] Section 108 (b) of title 11 of the United States Code provides in relevant part: "[I]f . . . an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor . . . may file any pleading,

We recognize that Connecticut courts consistently have held that the indefinite automatic stay provisions of § 362 (a) apply in strict foreclosure cases where a chapter 7 bankruptcy petition was filed after the judgment but prior to the passing of the final law day. See, e.g., *Citicorp Mortgage, Inc.* v. *Mehta*, 39 Conn. App. 822, 824, 668 A.2d 729 (1995). We conclude that we no longer can follow such authority in light of the holding of the United States Court of Appeals for the Second Circuit in *In re Canney*, 284 F.3d 362 (2d Cir. 2002). "In general, we look to the federal courts for guidance in resolving issues of federal law. . . . [T]he decisions of the federal circuit in which a state court is located are entitled to great weight in the interpretation of a federal statute." (Citation omitted; internal quotation marks omitted.) *Krondes* v. *O'Boy*, 69 Conn. App. 802, 808, 796 A.2d 625 (2002).

*In re Canney* involved a mortgage foreclosure brought in Vermont under the Vermont statutes. See 12 Vt. Stat. Ann., c. 163, subchapter 6. In *In re Canney*, the Second Circuit determined that the sixty day stay period set forth in § 108 (b) applied to the passing of the law day rather than the indefinite stay period prescribed in § 362 (a) when a petitioner filed a bankruptcy petition[4] after judgment had entered but prior to the passing of the law day in a strict foreclosure action. *In re Canney*, supra, 284 F.3d 370–73. Agreeing with the

demand, notice, or proof of claim or loss, cure a default, or perform any other similar act, and such period has not expired before the date of the filing of the petition, the trustee may only file, cure, or perform, as the case may be, before the later of—(1) the end of such period . . . or (2) 60 days after the order for relief."

[4] Section 108 (b) is contained in chapter 1 of the United States Bankruptcy Code and "[e]xcept as provided in section 1161 [railroad reorganization] of this title, chapters 1, 3, and 5 of this title apply in a case under chapter 7, 11, 12, or 13 of this title." 11 U.S.C. § 103 (a). Therefore, although the bankruptcy petition in *In re Canney* was filed under chapter 13, the logic of the decision applies to the chapter 7 bankruptcy petition in this case.

United States Courts of Appeal in the Sixth, Seventh and Eighth Circuits, the court held that § 108 (b), which provides for only a sixty day delay in the running of the law day, is the applicable provision because the automatic stay provision of § 362 (a) "prevents only certain affirmative acts taken by a creditor, and the running of time is not one of those acts." Id., 372.

Although *In re Canney* concerned strict foreclosure under Vermont's statutes, our statutory procedures are similar. "Strict foreclosure is the normal method of foreclosure only in Connecticut and Vermont."[5] (Internal quotation marks omitted.) Id., 369. When a strict foreclosure rather than a sale is ordered, it entails a foreclosure judgment in favor of the mortgagee that results from a proceeding against the debtor and leaves the mortgagor with a right to redeem within a specified time frame, ending with the law day. See *Citicorp Mortgage, Inc.* v. *Weinstein,* 52 Conn. App. 348, 350, 727 A.2d 720 (1999). Because Connecticut and Vermont both allow redemption during a specified time period after which title automatically passes to the mortgagee, the reasoning in *In re Canney,* arising out of the Vermont foreclosure, applies to this Connecticut foreclosure with equal force.

We conclude that the defendant's period of equitable redemption was not stayed when she filed a chapter 7 bankruptcy petition, although it was extended by sixty days after the filing of the petition. The defendant's bankruptcy petition was filed on January 9, 2003. The practical effect of § 108 (b) is that the time in which a trustee (or if the bankruptcy petition is dismissed, the

---

[5] "Strict foreclosure does not involve a foreclosure sale. Upon the borrower's default, the court will normally set a time period in which the borrower may pay off or redeem the mortgage debt. If the borrower fails to do so in the allotted time, the lender is given an immediate right to possession of the property." (Internal quotation marks omitted.) *In re Canney,* supra, 284 F.3d 368–69 n.6.

mortgagor) may cure a default or perform any other similar act expires at the end of the period settled for redemption or sixty days after the order for relief. The commencement of a voluntary bankruptcy case through the filing of a petition constitutes an order for relief. 11 U.S.C. § 301. In this case, the equity of redemption was foreclosed on March 10, 2003, when the sixty day extended period lapsed without redemption by the defendant. Title became absolute in the plaintiff on March 13, 2003, the date the certificate of foreclosure was recorded on the land records. Thus, because the defendant failed to redeem during this period, she no longer had any right or interest in the property and title passed to the plaintiff.

## II

The defendant also claims that the court failed to provide her with adequate notice of the vesting of title and proper certification of the pleadings because the documents were sent to the wrong address.[6] The defendant fails to refer us to a rule requiring that notice of the law day extension be filed with the clerk or served on the defendant. The defendant also concedes in her motion for articulation that she was aware of the January 13, 2003 law day set by the court. "The familiar legal maxims, that everyone is presumed to know the law, and that ignorance of the law excuses no one, are founded upon public policy and in necessity, and the idea [behind] them is that one's acts must be considered as having been done with knowledge of the law, for otherwise its evasion would be facilitated and the courts burdened with collateral inquiries into the content of

---

[6] Although the defendant contends that she has not lived at 156 Stanwood Drive in New Britain, the address to which the pleadings for this case were sent, for approximately thirty years, that is the address that a Connecticut state marshal found to be her abode after investigating and finding that the defendant no longer lived at the address on the original summons. The defendant never offered evidence as to her place of residence.

men's minds. . . . This rule of public policy has been repeatedly applied by [our Supreme Court]." (Citation omitted.) *Atlas Realty Corp.* v. *House*, 123 Conn. 94, 101, 192 A. 564 (1937); see also *State* v. *Hickey*, 80 Conn. App. 589, 596, 836 A.2d 457 (2003), cert. denied, 267 Conn. 917, 841 A.2d 1192 (2004). The defendant is presumed to be on notice of federal bankruptcy law as interpreted by the Second Circuit. Under that court's interpretation, the defendant's January 9, 2003 chapter 7 bankruptcy petition did not stay the foreclosure indefinitely but rather extended by sixty days the time within which she could redeem. When the defendant did not redeem by that date, title in her mortgaged property vested in the plaintiff. "Where a foreclosure decree has become absolute by the passing of the law days, the outstanding rights of redemption have been cut off and the title has become unconditional in the [redeeming encumbrancer] . . . . The mortgagor has no remaining title or interest which he may convey. . . . Provided that this vesting has occurred pursuant to an authorized exercise of jurisdiction by the trial court . . . it is not within the power of appellate courts to resuscitate the mortgagor's right of redemption or otherwise to disturb the absolute title of the redeeming encumbrancer." (Citations omitted; internal quotation marks omitted.) *Barclays Bank of New York* v. *Ivler*, 20 Conn. App. 163, 166–67, 565 A.2d 252, cert. denied, 213 Conn. 809, 568 A.2d 792 (1989). Thus, when an appeal is filed "after title has vested in an encumbrancer, no practical relief can be granted and so the appeal becomes moot." *First National Bank of Chicago* v. *Luecken*, 66 Conn. App. 606, 612, 785 A.2d 1148 (2001), cert. denied, 259 Conn. 915, 792 A.2d 851 (2002). In this case, the defendant's rights were subject to provisions of the Bankruptcy Code as interpreted in the *In re Canney* decision. The defendant was charged with notice that her law day was extended only sixty days

past the date of the filing of her bankruptcy petition, namely, March 10, 2003. General Statutes § 49-15 (a) provides that "[a]ny judgment foreclosing the title to real estate by strict foreclosure may, at the discretion of the court rendering the same, upon the written motion of any person having an interest therein, and for cause shown, be opened and modified, notwithstanding the limitation imposed by section 52-212a, upon such terms as to costs as the court deems reasonable; but no such judgment shall be opened after the title has become absolute in any encumbrancer." As a result, this appeal is moot, and we decline to review the defendant's second claim further.

The appeal is dismissed.

In this opinion the other judges concurred.