STATE OF CONNECTICUT *v.* WILLIAM J. SURETTE
(AC 24744)

Flynn, Bishop and Harper, Js.

---

Argued April 28—officially released July 12, 2005

*Mark G. Ouellette*, for the appellant (defendant).

*Christine Collyer*, special deputy assistant state's attorney, with whom, on the brief, were *Walter D. Flanagan*, state's attorney, and *Kelly A. Masi*, deputy assistant state's attorney, for the appellee (state).

*Opinion*

BISHOP, J. This appeal requires us to determine whether a defendant may be subject to the enhanced penalties provided by General Statutes § 14-227a (g) (3) when he has three prior convictions for violations of § 14-227a but has not before been presented as a repeat offender. Because we answer the question in the affirmative, we affirm the judgment of the trial court.

The following facts and procedural history are relevant to our consideration of the issue on appeal. On July 28, 2000, the defendant, William J. Surette, was convicted of three violations of § 14-227a for having operated a motor vehicle while under the influence of intoxicating liquor. The convictions stemmed from three separate incidents occurring on April 18, July 24 and August 14, 1999, in which the defendant was apprehended by the police and charged with operating a motor vehicle while under the influence of intoxicating liquor. The three cases arising from the defendant's

arrests were assigned for the same court date, and on July 28, 2000, the defendant pleaded guilty to three violations of § 14-227a. The defendant was not charged in any of the cases with being a repeat offender. In the vernacular, he was treated in three separate files as being a first time offender.

Subsequently, on May 23, 2003, the defendant was apprehended by the police and charged with operating a motor vehicle while under the influence of intoxicating liquor in violation of § 14-227a. In this case, the prosecutor also filed a part B information charging the defendant as a subsequent offender as a consequence of his July 28, 2000 convictions. In response, the defendant filed a motion to dismiss part B of the information on the ground that he could not be charged with being a third time offender because he had never been convicted of being a second time offender. After the court denied the defendant's motion to dismiss, the defendant pleaded guilty to the first part of the information and entered a conditional plea of nolo contendere to part B of the information, reserving his right, pursuant to General Statutes § 54-94a, to appeal from the judgment of conviction to contest the court's denial of his motion to dismiss. The court thereafter sentenced the defendant as a third and subsequent offender pursuant to § 14-227a (g) (3). This appeal followed.

On appeal, the defendant raises two issues. He claims (1) that the court did not have the legal authority to treat him as a third time offender under § 14-227a (g) (3) because he had not been convicted previously of being a second time offender under § 14-227a (g) (2), and (2) that his plea to part B of the information was constitutionally infirm because the evidence utilized by the court to support a finding of guilt was legally insufficient. We respond to each claim in turn.

Because the defendant's first claim presents a question of statutory interpretation, our review is plenary.

*Bengtson* v. *Commissioner of Motor Vehicles*, 86 Conn. App. 51, 56, 859 A. 2d 967 (2004), cert. denied, 272 Conn. 922, 867 A.2d 837 (2005). "Relevant legislation and precedent guide the process of statutory interpretation. [General Statutes § 1-2z] provides that, [t]he meaning of a statute shall, in the first instance, be ascertained from the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." (Internal quotation marks omitted.) *Rodriguez* v. *Ancona*, 88 Conn. App. 193, 197, 868 A.2d 807 (2005). Section 14-227a (g) provides in relevant part: "Any person who violates any provision of subsection (a) of this section shall . . . (3) for conviction of a third and subsequent violation within ten years after a prior conviction for the same offense, (A) be fined not less than two thousand dollars or more than eight thousand dollars, (B) be imprisoned not more than three years, one year of which may not be suspended or reduced in any manner, and sentenced to a period of probation requiring as a condition of such probation that such person perform one hundred hours of community service, as defined in section 14-227e, and (C) have such person's motor vehicle operator's license or nonresident operating privilege permanently revoked upon such third offense. . . ." That language, evincing a sentence enhancement design, is plain and unambiguous. Nowhere does the statute require, as a condition to the imposition of enhanced penalties for a third offense, that a defendant must have been convicted previously of being a second time offender. To the contrary, the statute speaks only in terms of prior convictions of § 14-227a, operating a motor vehicle while under the influence of intoxicating liquor. Because the defendant, at the time of his convic-

tion under part B of the information, already was burdened with three convictions for violations of § 14-227a, the enhancement scheme plainly was applicable to him.

Although not set forth as a separate claim, the defendant also asserts, as part of his first issue, that because he previously had not been convicted as a second time offender, he had no notice that a subsequent conviction would subject him to a part B information charging him with being a third time and subsequent offender. We begin our analysis of this claim with the time worn maxim that "everyone is presumed to know the law, and that ignorance of the law excuses no one . . . ." (Internal quotation marks omitted.) *Provident Bank* v. *Lewitt*, 84 Conn. App. 204, 209, 852 A.2d 852, cert. denied, 271 Conn. 924, 859 A.2d 580 (2004). Those tenets "are founded upon public policy and in necessity, and the idea [behind] them is that one's acts must be considered as having been done with knowledge of the law, for otherwise its evasion would be facilitated and the courts burdened with collateral inquiries into the content of men's minds." (Internal quotation marks omitted.) Id., 209–10. Thus, the defendant is charged with knowledge of the law.

In addition, the record demonstrates that the defendant had actual knowledge of the jeopardy he would face from a subsequent conviction under § 14-227a. When the defendant entered his guilty pleas in regard to his first three convictions under § 14-227a on July 28, 2000, as a first time offender, the court warned him as follows:

"The Court: As a fourth offender, which you would have had if you had one more incident whatsoever, it would add a year in jail, mandatory year in jail, and a lifetime revocation of your driver's license. You would never be able to legally drive a car again. That would be a pretty short driving career."

In order to give the defendant an opportunity to avail himself of rehabilitation services, his sentencing hearing was deferred until October 4, 2000. At that hearing, the following colloquy took place:

"The Court: . . . I don't know what underlies it, sir. I mean, obviously, I know what underlies [it]; you've got to have a problem, obviously, to have three [convictions of operating a motor vehicle while under the influence of intoxicating liquor]. But, boy, you get arrested again for [that offense] or you get caught driving while your license is under suspension—which should be for an awful long time, if not forever, in my opinion—you're going to find yourself serving a substantial amount of time in prison. Do you understand that?

"[The Defendant]: Yes."

Thus, the court's admonitions at the time of the defendant's pleas and later at his sentencing make it plain that he was on notice that a further conviction under § 14-227a would subject him to a substantially greater penalty. Accordingly, the defendant was on constructive as well as actual notice of the jeopardy he faced for a further conviction under § 14-227a.

The defendant next claims that his conditional plea of nolo contendere to part B of the information was constitutionally infirm because it was not founded on an adequate evidentiary basis. We are not persuaded.

Because that claim was not made at trial, the defendant seeks review pursuant to State v. Golding, 213 Conn. 233, 567 A.2d 823 (1989). As we have often noted, in order to pass muster under Golding, a defendant must meet all four of its stated conditions: "(1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly

deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." Id., 239–40. The defendant's claim fails because no constitutional violation occurred.

The defendant relies on *State* v. *Gallichio*, 71 Conn. App. 179, 800 A.2d 1261 (2002). There, this court held that there was an insufficient factual basis to the defendant's plea under part B of an information charging the defendant with being a subsequent offender because the court clerk merely read into evidence certified copies of the prior convictions of a defendant with the same name. The *Gallichio* court stated: "The state concedes that, although identical names are evidence that each name refers to the same person, standing alone, it is not proof beyond a reasonable doubt that the defendant is the person who was convicted. . . . We agree that there was insufficient evidence for the court to have concluded beyond a reasonable doubt that the defendant and the person named in the record of the conviction were one and the same." (Citation omitted.) Id., 190.

The defendant's reliance on *Gallichio* is misplaced. As reflected in the record, at the time of the defendant's pleas to both parts of the information, the state set forth sufficient facts to identify the defendant as the individual who previously had been convicted of three violations of § 14-227a.

At the same time as the defendant pleaded guilty to the information and entered a conditional plea of nolo contendere to part B of the information on October 1, 2003, he filed a motion to dismiss part B of the information. Once the motion was denied, he was then put to plea. As the record of the proceedings reflects, the hearing was a seamless transaction. First, the defendant

pleaded guilty to the information charging him with a violation of § 14-227a. After setting forth the facts underlying that charge, the prosecutor stated the following in regard to sentencing:

"The state is recommending the following: Three years, execution suspended after one year, one year's mandatory minimum, $2000 fine plus costs and fees, 100 hours of community service, no driving unless properly licensed to do so. Substance abuse evaluation and treatment as deemed necessary by the office of adult probation." Thereafter, the following colloquy took place:

"The Court: All right. And—and you're asking for one year mandatory minimum because of the part B that has been filed?

"[The Prosecutor]: Yes, Your Honor.

"The Court: Okay. So, that's what we have to deal with now, is the part B.

"[The Prosecutor]: Yes, Your Honor.

"The Court: Okay. And—and the—

"[The Prosecutor]: The state just filed the part B.

"The Court: Okay. And the defense has filed a motion to dismiss . . . correct?

"[The Prosecutor]: Correct, Your Honor.

"[Defense Counsel]: That's correct, Your Honor.

"The Court: I read the motion. Do you wish to be heard any further than what's in the motion?

"[Defense Counsel]: Your Honor, just that it's—it's our argument that treating him as an enhanced offender is not appropriate in accordance with the wording of the statute. And, therefore, the reason for the motion to dismiss is that it's not consistent with the wording

of the statute, and he should not, in fact, be sentenced as an enhanced offender.

"The Court: Okay.

"[The Prosecutor]: The state's position, Your Honor, is that the defendant was arrested on April 18, 1999, for operating under the influence. His conviction date was July 28, 2000. He was arrested a second time on July 24, 1999, for operating under the influence of intoxicating liquor or drugs. Both of these were violations of § 14-227a. The verdict—the conviction date was July 28, 2000. The third offense which the defendant was arrested on August 14, 1999 . . . for a violation of § 14-227a, the defendant's verdict date, again, was July 28, 2000. The state contends that this entitles the defendant to the enhanced penalties as a third or subsequent offender.

"The Court: Okay. Anything else?

"[Defense Counsel]: No, Your Honor.

"The Court: Okay. The court is going to agree with the state pursuant to our discussions and find that it's three separate convictions for three separate offenses and therefore will deny the motion to dismiss. Okay. Put him to plea on the part B, please.

"[The Prosecutor]: Yes. Now, he should be put to plea, Your Honor, on that.

"The Clerk: . . . [Y]ou're being charged as a subsequent offender by having been found guilty on July 28, 2000 . . . of the illegal operation of a motor vehicle under the influence of intoxicating liquor and, or, drugs in violation of § 14-227a three times; how do you wish to plead to this part B information?

"[Defense Counsel]: Your Honor, I have, for the court, a written plea of nolo contendere. And it goes specifi-

cally to the issue that the court decided on the motion to dismiss.

"The Court: All right. The court will find that the written plea is in order. The court will make a finding of guilty on that. Okay. And this—the sentence is the same, correct?

"[The Prosecutor]: Correct, Your Honor.

"The Court: Okay.

"[The Prosecutor]: . . . For the record, Your Honor . . . as just stated by the state, there were three separate offenses . . . on April 18, 1999, July 24, 1999, and August 14, 1999. Three separate offenses for violation of § 14-227a, which all ended up pleading out on July 28, 2000 in Middletown."

The court thereafter canvassed the defendant regarding his guilty plea to the charge of operating a motor vehicle while under the influence of intoxicating liquor and his conditional plea of nolo contendere to the part B information and, having found that there was a factual basis for the pleas and that they were entered knowingly and voluntarily, the court sentenced the defendant in accordance with the terms of the parties' plea negotiations. The defendant then posted an appellate bond and this appeal ensued.

On the basis of our review of this record, we conclude that in reciting the factual basis for the defendant's pleas, the prosecutor identified the defendant as the individual who had thrice before been convicted of operating a motor vehicle while under the influence of intoxicating liquor in violation of § 14-227a. Thus, unlike the facts relied on by the defendant in *Gallichio*, the prosecutor's recital herein was more than ample to establish a factual basis for the defendant's conditional plea of nolo contendere to part B of the information.

The judgment is affirmed.

In this opinion the other judges concurred.