08-5736-bk
In re: Calise

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO SUMMARY
ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL
RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1.  IN A BRIEF OR OTHER PAPER IN
WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS,
AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE
NOTATION: "(SUMMARY ORDER)."  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT
SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY
PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN
ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE
DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/).  IF NO COPY IS SERVED BY REASON OF
THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE
TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the
Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York,
on the 30ᵗʰ day of November, two thousand and nine.

Present:      JON O. NEWMAN,
              ROSEMARY S. POOLER,
              ROBERT A. KATZMANN,
                     Circuit Judges.

_____

In Re:  MICHAEL CALISE,

                                         Debtor,

B&M INVESTMENT, LLC,

                                         Appellant,

              -v-                                        (08-5736-bk)

MICHAEL CALISE,

                                         Appellee,

U.S. TRUSTEE NHCT,

                                         Trustee.

_____

1

Appearing for Appellant:     Steven G. M. Brio, of counsel, Thomas L. Kanasky, Jr.,
                             Bridgeport, Conn.

Appearing for Appellee:      Stephen P. Wright, Harlow, Adams & Friedman, P.C. (James R.
                             Winkel, on the brief), Milford, Conn.

Appeal from the United States District Court for the District of Connecticut (Droney, J.).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellant B&M Investment LLC ("B&M") seeks review of two orders of the district court (Droney, J.) affirming Bankruptcy Court decisions that (1) denied its second motion for relief from stay; and (2) overruled its objections to the debtor's motion to determine secured status and confirm the plan. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

B&M Investments LLC held a mortgage from Michael Calise. Calise failed to make the required mortgage payments, and B&M commenced a foreclosure action in Connecticut state court. B&M obtained a judgment of strict foreclosure in Connecticut Superior Court. Four days before the foreclosure was finalized, Calise filed for protection from his creditors pursuant to Chapter 11 of the Bankruptcy Code. B&M filed for relief from the automatic stay in August, 2000. The motion was set down for a hearing, and just before that hearing took place the parties entered into a settlement agreement resolving the motion, which was "so ordered" by the Bankruptcy Court. The terms of the settlement agreement called for Calise to make monthly adequate protection payments of $10,000 to B&M and pay post-petition property taxes, until confirmation or dismissal, in exchange for an extension of the automatic stay.

On March 7, 2002, this Court issued its decision in In re Canney, 284 F.3d 362 (2d Cir. 2002). Canney, which involved a Vermont strict foreclosure, clarified the law regarding the interplay between the Bankruptcy Code's stay provisions and strict foreclosure law. In a "strict foreclosure," the property is not sold. Instead, when a borrower defaults on a mortgage loan, the mortgagee obtains a foreclosure judgment. At that time, the court sets a deadline by which the borrower must pay off the mortgage debt, known as the redemption period. If the borrower fails to redeem the property by the deadline, the lender receives immediate rights to the property. See, e.g., Provident Bank v. Lewitt, 852 A.2d 852, 84 Conn. App. 204 (Conn. App. Ct. 2004). Prior to Canney, the courts were mixed as to which stay provision of the Bankruptcy Code applied to extend the redemption period - the 60-day stay set forth in 11 U.S.C. § 108(b), or the indefinite stay provision set forth in 11 U.S.C. § 362(a). Canney holds that Section 108(b) applies. Canney, 284 F.3d at 373. As part of its analysis, the Canney court held that once the foreclosure judgment issues, "full legal and equitable title to the property" reverts to the mortgagee. Id. at 369-70.

On April 11, 2002, B&M filed a second motion for relief from the stay, contending that Canney changed the law, and Calise no longer had any interest, legal or equitable, in the property. The Bankruptcy Court denied the motion, finding that B&M was bound by the settlement stipulation, and that res judicata barred relitigation of the motion for relief from the stay. B&M appealed that order, and the decision was upheld by the District Court.

On August 18, 2006, the Bankruptcy Court entered an order confirming Calise's reorganization plan, ruling B&M was a secured creditor under the Plan. The Plan called for Calise to pay B&M's claims in full on the effective date of the plan, and that upon full payment of B&M's claims, its lien on the property would be satisfied and discharged.

After the plan was confirmed, Calise commenced repayment according to the plan's terms. Calise obtained a $2.2 million loan using the property as collateral, and on the plan's effective date, Calise tendered a check to B&M for $1.6 million, the full extent of its obligation under the plan. B&M did not cash the check. In addition, Calise paid in full the claims of some classes of creditors.

The district court properly affirmed the Bankruptcy Court's findings. Settlement agreements are considered "a final judgment on the merits," and thus can support a finding of res judicata. Greenberg v. Bd. of Governors of Fed. Reserve Sys., 968 F.2d 164, 168 (2d Cir. 1992). In determining the preclusive effect of a settlement agreement, a court looks to the intent of the parties entering into the settlement. Id. B&M argues that it never intended to relinquish its claim to the property as a result of extending the debtor's redemption period. However, by stipulating to extend the stay through the time the plan was confirmed or the complaint dismissed, B&M (1) held itself out as a secured creditor of the estate; and (2) accepted the tolling of the expiration of the debtor's period for redemption in exchange for adequate protection payments of $10,000 a month - the exact issues B&M tried to re-litigate in its second motion for relief from stay.

Moreover, it would simply be inequitable to permit B&M to change its position at this time. B&M accepted roughly $700,000 from Calise pursuant to the settlement agreement it now seeks to set aside. In reliance on the settlement agreement, Calise created a plan accepted by the Bankruptcy Court and ultimately tendered to B&M the amount due and owing under that plan. Calise also paid other creditors, using proceeds from a new loan secured, in part, using the property as collateral. As applied in bankruptcy cases, the doctrine of equitable mootness is an prudential one, used to dismiss an appeal "as moot when, even though effective relief could could conceivably be fashioned, implementation of that relief would be inequitable." Deutsche Bank AG v. Metromedia Fiber Network (In re Metromedia Fiber Network, Inc.), 416 F.3d 136, 143 (2d Cir. 2005) (quotation marks omitted). "The doctrine is therefore invoked to avoid disturbing a reorganization plan once implemented, and can be applied in two situations: [w]hen an unstayed order has resulted in some comprehensive change in circumstances, and when a reorganization is substantially consummated." In re Source Enterprises Inc., 392 Bankr. 541, 547 (S.D.N.Y. 2008) (internal quotation and citation omitted). While B&M did seek a stay of the confirmation order, it did not seek a stay in this court, and did not move for an expedited appeal. Indeed, the docket

sheet reflects that B&M sought multiple extensions of its time to file this appeal.  To undo the settlement agreement and permit B&M to seize the property would undo the entire Plan, an action equity will not tolerate.

Finally, a settlement agreement - even a "so ordered" settlement agreement - is a contract between the parties, and represents "a compromise between conflicting claims."  Hatalmud v. Spellings, 505 F.3d 139, 146 (2d Cir. 2007); see also In re Connaught Properties, Inc., 176 B.R. 678, 684 (BR  D. Conn. 1995) ("court-approved settlement agreements, though reduced to judgment in some cases, represent not the court's own judgment or that of a jury, but rather the parties' compromise of the lawsuit put in writing").  In this Circuit, it is well settled that "a change in law does not render an agreement void."  Anita Foundations Inc. v. ILGWU Nat'l Retirement Fund, 902 F.2d 185, 189-90 (2d Cir. 1990).  B&M had the option to have a hearing on the issue of whether or not the stay should be lifted, and instead of litigating the issue chose to enter into a settlement agreement with Calise.  Having made that decision, B&M is bound by it.

We have examined the remainder of B&M's claims and we find them without merit.

Accordingly, the judgment of the district court hereby is AFFIRMED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk
>
> By:_____

4