******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

SEMINOLE REALTY, LLC *v.* SERGEY SEKRETAEV
(AC 42349)

Lavine, Prescott and Eveleigh, Js.

*Syllabus*

The plaintiff sought to foreclose a mortgage on certain real property owned by the defendant. The trial court rendered a judgment of strict foreclosure, from which the defendant appealed to this court, which affirmed the judgment and remanded the case to the trial court for the purpose of setting a new law day. Thereafter, the plaintiff filed a motion to open and a notice of hearing to reset the law day, but before the hearing could be held, the defendant filed a bankruptcy petition, which automatically stayed the foreclosure proceedings. The bankruptcy court then granted the plaintiff's motion for relief from the automatic bankruptcy stay. The defendant appealed to the federal district court, which affirmed the bankruptcy court's order, concluding that the defendant, who had filed four bankruptcy petitions during the course of the foreclosure proceedings, had engaged in the serial filing of bankruptcy petitions to benefit from the automatic bankruptcy stays and to delay, hinder, or defraud his creditors. On the basis of that decision, the plaintiff sought to have the law day reset, but, on May 24, 2018, the defendant filed a fifth bankruptcy petition. The parties subsequently appeared at a hearing before the trial court, at which the court, by agreement of the parties, opened the judgment of strict foreclosure, set a new law day of August 15, 2018, and made updated findings regarding the value of the property for redemption. Thereafter, the defendant moved in the bankruptcy court to extend the automatic bankruptcy stay. On July 10, 2018, the bankruptcy court granted the defendant's motion and suspended for sixty days the relief from the stay it previously had granted to the plaintiff. In September, 2018, the bankruptcy court vacated the suspension of and reimposed the plaintiff's relief from the stay. The plaintiff then filed in the trial court an application and execution for ejectment, in response to which the defendant objected and filed a motion for a stay of execution of ejectment. The trial court overruled the defendant's objection and denied his motion for a stay, concluding that he had agreed to the law day of August 15, 2018, title had passed to the plaintiff the next day, and there was an insufficient basis to impose a stay. Thereafter, the trial court issued an execution of ejectment, and the defendant appealed to this court. *Held* that the trial court did not abuse its discretion in granting the plaintiff's application and execution for ejectment and denying the defendant's motion for a stay of the execution for ejectment: although this court disagreed with the trial court's conclusion that title passed to the plaintiff on August 16, 2018, this court concluded that the automatic stay provision of the United States Bankruptcy Code (11 U.S.C. § 362 [a]) does not indefinitely stay the period of equitable redemption and that the effect of the bankruptcy court's order suspending the relief from the bankruptcy stay for sixty days was to extend the law day of August 15, 2018, by sixty days, and because the defendant failed to redeem by the time the sixty day extended period had lapsed on October 15, 2018, titled vested in the plaintiff on October 16, 2018, and the defendant no longer had any right or interest in the property; moreover, the trial court's finding that the defendant had agreed to the law day of August 15, 2018, was supported by the transcript of the hearing, and that factual finding, which was predicated on a credibility determination, was within the exclusive province of the trial court to make.

Argued May 28—officially released September 10, 2019

*Procedural History*

Action to foreclose a mortgage on certain of the defendant's real property, and for other relief, brought to the Superior Court in the judicial district of Windham, where the defendant filed a counterclaim; thereafter,

the court, *Boland, J.*, rendered judgment of strict fore-closure and judgment in part for the defendant on the counterclaim, and the defendant appealed to this court, which affirmed the judgment of the trial court; subsequently, the court, *Cole-Chu, J.*, opened the judgment and rendered a modified judgment of strict foreclosure; thereafter, the court, *Cole-Chu, J.*, overruled the defendant's objection to the plaintiff's proposed execution of ejectment, and the defendant appealed to this court; thereafter, the plaintiff filed a motion to dismiss the appeal. *Appeal dismissed in part; affirmed.*

*Sergey Sekretaev*, self-represented, the appellant (defendant).

*Christine S. Synodi*, for the appellee (plaintiff).

*Opinion*

LAVINE, J. The present appeal has its genesis in a foreclosure action commenced by the plaintiff, Seminole Realty, LLC, in 2010. This court affirmed the 2014 judgment of strict foreclosure rendered against the self-represented defendant, Sergey Sekretaev,[1] in *Seminole Realty, LLC* v. *Sekretaev*, 162 Conn. App. 167, 169, 131 A.3d 753 (2015), cert. denied, 320 Conn. 922, 132 A.3d 1095 (2016). Since that time, the defendant has filed at least five federal bankruptcy petitions and taken one bankruptcy appeal. The defendant's present appeal is from the trial court's judgment overruling his objection to the plaintiff's proposed execution of ejectment and denying his emergency motion for a stay of ejectment. On appeal, the defendant has raised numerous claims,[2] but only two of them have not been raised previously, namely, that the trial court (1) abused its discretion by overruling his objection to the execution of ejectment and denying his emergency motion for a stay of execution of ejectment because title has not yet vested in the plaintiff and (2) erred in finding that his claims of financial and emotional damages were not of the plaintiff's making.[3] We conclude that title vested in the plaintiff when the defendant failed to redeem his interest in the subject property following the sixty day extension of the law day. We, therefore, affirm the judgment of the trial court as to the propriety of the order of ejectment and as to the denial of the defendant's emergency motion for a stay, and dismiss the remainder of the appeal for lack of subject matter jurisdiction. See footnote 2 of this opinion.

The following convoluted procedural history underlies the present appeal. In April, 2009, the defendant purchased a condominium unit located in Sterling (property) and executed a note in the amount of $136,995 that was secured by a mortgage in favor of the plaintiff. Id., 171. The defendant failed to make all of the required monthly interest payments on the debt and to pay the entire principal on April 24, 2010, pursuant to the note. Id., 171–72. The plaintiff filed a lis pendens on the property in the Sterling land records in June, 2010, and commenced an action to foreclose on the property in August, 2010. The defendant challenged the plaintiff's standing to bring the foreclosure action numerous times, denied the allegations of the complaint, and pleaded several special defenses and a three count counterclaim against the plaintiff. Id., 180, 193. The case was tried in September and October, 2014. Id., 170. The court, *Boland, J.*, found that the defendant was liable to the plaintiff in the amount of $181,254.45 and rendered a judgment of strict foreclosure. Id., 186. The court set the law day as December 1, 2014. Id. The defendant appealed to this court, which affirmed the judgment of strict foreclosure in December, 2015; id., 167; and our Supreme Court denied the defendant's

petition for certification to appeal.[4] *Seminole Realty, LLC* v. *Sekretaev*, 320 Conn. 922, 132 A.3d 1095 (2016).

In February, 2014, while the foreclosure case was pending, the defendant filed a petition under chapter 13 of the United Stated Bankruptcy Code; see 11 U.S.C. § 1301 et seq. (2012); but voluntarily withdrew the petition on February 20, 2014. In April, 2014, the defendant filed a second chapter 13 petition, which the bankruptcy court dismissed with prejudice. In addition, the bankruptcy court barred the defendant from filing a further bankruptcy petition for 180 days. In November, 2014, the defendant filed a voluntary petition under chapter 7 of the United States Bankruptcy Code; see 11 U.S.C. § 701 et seq. (2012); and a motion to avoid a lien on the property, which the bankruptcy court denied. The chapter 7 bankruptcy case was closed in March, 2015, without discharging the debt underlying the strict foreclosure judgment.

On May 6, 2016, the plaintiff filed a motion to open the judgment of strict foreclosure for the purpose of resetting the law day. Before a hearing could be held, the defendant filed a motion to open the chapter 7 bankruptcy case. On October 19, 2016, the bankruptcy court denied the defendant's motion to open on numerous grounds, including the absence of good cause, res judicata, and collateral estoppel.

On January 27, 2017, the plaintiff filed a notice of hearing to be held on February 14, 2017, to reset the law day, but, before the hearing could be held, the defendant filed another chapter 13 petition in bankruptcy. On June 5, 2017, the bankruptcy court granted the plaintiff's motion for relief from the bankruptcy stay. The plaintiff was granted in rem relief[5] as to the then pending chapter 13 petition and in subsequent petitions the defendant may file within two years. The bankruptcy court found that the plaintiff had a secured "interest in the property" and that the defendant's "petition was part of a scheme to delay, hinder, or defraud creditors that involved multiple bankruptcy filings affecting the [p]roperty pursuant to 11 U.S.C. § 364 (d) (4) (B) . . . ."[6]

On June 16, 2017, the defendant appealed the bankruptcy court's in rem order to the federal district court. The district court denied the defendant's motion for a stay pending appeal. On May 8, 2018, the district court affirmed the bankruptcy court's order granting the plaintiff in rem relief from the automatic bankruptcy stay. See *In re Sekretaev*, United States District Court, Docket No. 3:17-CV-00997 (AVC) (D. Conn. May 8, 2018). In addition, the district court stated that the defendant "engaged in the serial filing of bankruptcy proceedings by filing four bankruptcy proceedings, during and after the foreclosure proceeding in state court, to benefit from the automatic stay afforded by the filing of a bankruptcy petition."[7] Moreover, during the period when he

was barred from filing further bankruptcy petitions, the district court found that the defendant filed numerous motions in the Superior Court, which further delayed the proceedings.

Despite the plaintiff's in rem relief that was then in effect, on May 24, 2018, the defendant filed yet another chapter 13 petition in bankruptcy. On the basis of the district court's decision affirming the in rem relief ordered by the bankruptcy court, the plaintiff sought to have the law day reset. On June 1, 2018, the parties appeared before the trial court, *Cole-Chu, J.*, and *agreed to open* the 2014 strict foreclosure judgment, to a revised judgment of strict foreclosure valuing the property at $55,000 for redemption, and to a law day of August 15, 2018.[8]

Despite the in rem relief granted to the plaintiff, on June 6, 2018, the defendant filed a motion to extend the automatic bankruptcy stay, which the bankruptcy court denied without prejudice on June 22, 2018. On June 13, 2018, the defendant filed a chapter 13 repayment plan. The defendant filed a second motion to extend the automatic stay on June 26, 2018. On July 10, 2018, the bankruptcy court extended the automatic stay and suspended its in rem order for sixty days to allow the defendant an opportunity to confirm a good faith plan.[9] On July 11, 2018, to protect its interest, the plaintiff filed a proof of claim and objected to the feasibility of the defendant's chapter 13 plan.[10] On July 17, 2018, the bankruptcy trustee filed an objection to the defendant's claim of exemptions and proposed order. The bankruptcy court held a hearing on August 30, 2018. On September 18, 2018, the bankruptcy court reimposed the plaintiff's in rem relief from the automatic bankruptcy stay and ordered that the plaintiff may proceed with the in rem relief it was previously accorded.[11] On November 26, 2018, the defendant filed a motion in the bankruptcy court titled "Motion under Federal Rule of Civil Procedure, Rule 60 (b) (6) and 60 [b] (4)," seeking relief from a judgment or order.[12] On November 29, 2018, the bankruptcy court denied the defendant's motion for relief of said order.[13]

The plaintiff filed an application and execution for ejectment, to which the defendant objected and filed an emergency motion for a stay of execution of ejectment. The clerk issued an execution of ejectment on November 29, 2018. The defendant objected to the execution of ejectment, arguing in part that he had never agreed to a law day of August 15, 2018. On November 28, 2018, Judge Cole-Chu overruled the objection and denied the defendant's motion for a temporary stay of the execution of ejectment, stating that there was an insufficient basis for the requested stay. The court stated that the defendant had agreed to the law day of August 15, 2018,[14] and concluded that title passed to the plaintiff the next day. Moreover, the court stated

that the defendant's motion for a stay did not represent that a bankruptcy stay was in effect, and the court "perceive[d] no basis to expect a new bankruptcy stay based on a good faith bankruptcy filing." The defendant filed the present appeal on December 4, 2018.[15]

"In Connecticut, a mortgagee has legal title to the mortgaged property and the mortgagor has equitable title, also called the equity of redemption. . . . The equity of redemption gives the mortgagor the right to redeem the legal title previously conveyed by performing whatever conditions are specified in the mortgage, the most important of which is usually the payment of money. . . . Under our law, an action for strict foreclosure is brought by a mortgagee who, holding legal title, seeks not to enforce a forfeiture but rather to foreclose an equity of redemption unless the mortgagor satisfies the debt on or before his law day. . . . Accordingly, [if] a foreclosure decree has become absolute by the passing of the law days, the outstanding rights of redemption have been cut off and the title has become unconditional in the plaintiff, with a consequent and accompanying right to possession. The qualified title which the plaintiff had previously held under his mortgage had become an absolute one." (Citation omitted; internal quotation marks omitted.) *Sovereign Bank* v. *Licata*, 178 Conn. App. 82, 97, 172 A.3d 1263 (2017).

The defendant claims that the court improperly overruled his objection to the execution of ejection, arguing that title did not pass to the plaintiff on August 16, 2018. In support of his claim, the defendant argues that (1) he did not voluntarily agree to the August 15, 2018 law day and (2) General Statutes § 49-15 (2) (b) automatically opened the judgment of strict foreclosure. Although we disagree with the defendant's claims that he did not agree to the August 15, 2018 law day and that § 49-15 (2) (b) automatically opened the judgment of strict foreclosure, we agree that title to the property did not vest in the plaintiff on August 16, 2018. The question at the heart of this appeal is the effect of the bankruptcy court's suspension of the plaintiff's in rem relief for sixty days. We conclude that the bankruptcy court's suspension of the plaintiff's in rem relief extended the law day for sixty days and, therefore, title vested in the plaintiff on October 16, 2018, due to the defendant's failure to redeem. See *Provident Bank* v. *Lewitt*, 84 Conn. App. 204, 206–209, 852 A.2d 852, cert. denied, 271 Conn. 924, 859 A.2d 580 (2004); see also 11 U.S.C. § 108 (b). The trial court, therefore, did not abuse its discretion on November 28, 2018, by overruling the defendant's objection to the execution of ejectment or by denying his emergency motion for a stay.[16]

"The law governing strict foreclosure lies at the crossroads between the equitable remedies provided by the judiciary and the statutory remedies provided by the legislature. . . . Because foreclosure is peculiarly an

equitable action . . . the court may entertain such questions as are necessary to be determined in order that complete justice may be done. . . . In exercising its equitable discretion, however, the court must comply with mandatory statutory provisions that limit the remedies available to a foreclosing mortgagee. . . . It is our adjudicatory responsibility to find the appropriate accommodation between applicable judicial and statutory principles. Just as the legislature is presumed to enact legislation that renders the body of the law coherent and consistent, rather than contradictory and inconsistent . . . [so] courts must discharge their responsibility, in case by case adjudication, to assure that the body of the law—both common and statutory—remains coherent and consistent." (Internal quotation marks omitted.) *Wells Fargo Bank*, *N.A.* v. *Melahn*, 148 Conn. App. 1, 7, 85 A.3d 1 (2014).

Given the convoluted procedural history of this case, the following timeline will aid in our resolution of the defendant's claim:

May 8, 2018, the federal district court affirmed the bankruptcy court's two year in rem relief from stay pursuant to 11 U.S.C. § 364 (d) (4) (B);

May 24, 2018, the defendant filed a chapter 13 petition in bankruptcy;

June 1, 2018, Judge Cole-Chu opened the 2014 judgment of strict foreclosure, reset the redemption amount, set a law day of August 15, 2018, and rendered a revised judgment of strict foreclosure;

June 6, 2018, the defendant filed a motion to lift the in rem relief in bankruptcy;

July 10, 2018, the bankruptcy court suspended the plaintiff's in rem relief for sixty days;

September 18, 2018, the bankruptcy court granted the plaintiff's motion to vacate the suspension of in rem relief;

November 28, 2018, the trial court overruled the defendant's objection to the execution of ejectment and denied his emergency motion for a stay;

November 29, 2018, the execution of ejectment issued;

December 4, 2018, the defendant appealed to this court.

In denying the defendant's emergency motion to stay the execution of ejectment, Judge Cole-Chu found that the defendant agreed to the law day of August 15, 2018. Findings of fact and credibility determinations are beyond the province of this court, but we cannot ignore the record, which supports the court's factual findings that are predicated on credibility determinations. *Malave* v. *Ortiz*, 114 Conn. App. 414, 428, 970 A.2d 743 (2009). Our review of the transcript of the June 1, 2018

hearing supports the court's finding that the defendant agreed to the August 15, 2018 law day. See footnote 14 of this opinion. The defendant's claim therefore fails.

The defendant also claims that title to the property did not vest in the defendant pursuant to § 49-15 (b).[17] In asserting this claim, the defendant overlooks the fact that, at the time he filed the chapter 13 petition in bankruptcy in May, 2018, the judgment of strict foreclosure at issue was the judgment rendered in 2014, which was opened on June 1, 2018, when the parties appeared before Judge Cole-Chu. At that time, the parties agreed to a new or revised judgment of strict foreclosure with a law day of August 15, 2018. See footnote 14 of this opinion. The defendant did not file a petition in bankruptcy subsequent to the entry of the June 1, 2018 judgment of strict foreclosure. The question for this court to answer, therefore, is the effect of the bankruptcy court's suspension of the in rem relief it had afforded the plaintiff for sixty days on July 10, 2018. The answer is provided by this court's decision in *Provident Bank* v. *Lewitt*, supra, 84 Conn. App. 204.

As in *Provident Bank*, the question here is what effect a sixty day bankruptcy stay or lifting of the in rem relief for sixty days has on the running of a law day. In *Provident Bank*, the plaintiff argued that her filing of a chapter 7 bankruptcy petition prior to the running of her law day indefinitely stayed the period of redemption pursuant to the automatic stay provision of 11 U.S.C. § 362 (a).[18] Id., 206. This court disagreed, concluding that 11 U.S.C. § 108 (b) extended the time for redemption by only sixty days.[19] Id. This court was guided by "the holding of the United States Court of Appeals for the Second Circuit in *In re Canney*, 284 F.3d 362 (2d Cir. 2002)."[20] Id., 207.[21]

"In *In re Canney*, the Second Circuit determined that the sixty day stay period set forth in § 108 (b) applied to the passing of the law day rather than the indefinite stay period prescribed in § 362 (a) when a petitioner filed a bankruptcy petition after judgment had entered but prior to the passing of the law day in a strict foreclosure action. . . . Agreeing with the United States Courts of Appeal in the Sixth, Seventh and Eighth Circuits, the court held that § 108 (b), which provides for only a sixty day delay in the running of the law day, is the applicable provision because the automatic stay provision of § 362 (a) prevents only certain affirmative acts taken by a creditor, and the running of time is not one of those acts." (Citation omitted; footnote omitted; internal quotation marks omitted.) Id., 207–208.

A strict foreclosure "entails a foreclosure judgment in favor of the mortgagee that results from a proceeding against the debtor and leaves the mortgagor with a right to redeem within a specified time frame, ending with the law day." Id., 208. Connecticut allows redemption within a specified time period after which title automati-

cally passes to the mortgagee. In *Provident Bank*, this court concluded that the plaintiff's period of equitable redemption was not stayed when she filed a chapter 7 petition in bankruptcy, but was extended by sixty days after she filed her petition. Id., 208. "The practical effect of § 108 (b) is that the time in which a trustee (or if the bankruptcy petition is dismissed, the mortgagor) may cure a default or perform any other similar act expires at the end of the period settled for redemption or sixty days after the order for relief. The commencement of a voluntary bankruptcy case through the filing of a petition constitutes an order for relief. 11 U.S.C. § 301." Id., 208–209.

In the present case, the bankruptcy court and the federal district court found that the defendant engaged in the serial filing of bankruptcy proceedings that were part of a scheme to delay, hinder and defraud the plaintiff. Nonetheless, the defendant filed one more chapter 13 petition in bankruptcy in May, 2018, agreed to a revised judgment of strict foreclosure, and then sought to have the plaintiff's in rem relief lifted. On July 10, 2018, the bankruptcy court suspended for sixty days the in rem relief granted to the plaintiff. The consequence of the sixty day suspension was to extend the law day until October 15, 2018. The defendant failed to redeem at any time prior to October 15, 2018. For the foregoing reasons, we conclude that the trial court properly granted the execution of ejectment filed by the plaintiff and properly denied the defendant's emergency motion for a stay.

The appeal is dismissed in part as to the moot claims; the judgment is affirmed in all other respects.

In this opinion the other judges concurred.

[1] Due to a scrivener's error in the summons, the defendant's last name was misspelled, and he is identified in certain of the files of the Judicial Branch pursuant to the spelling error. His surname, Sekretaev, is spelled properly in the complaint, mortgage, note, and bankruptcy court documents.

We granted the defendant's request to waive oral argument. Counsel for the plaintiff appeared and argued before us.

[2] The defendant also claims that the court erred in granting the execution of ejectment because (1) the underlying mortgage was made in violation of 15 U.S.C. §§ 1639 (b) and (c), (2) he rescinded the underlying mortgage pursuant to the Truth in Lending Act, 15 U.S.C. § 1601 et seq., (3) the judgment of strict foreclosure is void, and (4) the court violated Rule 60 (b) (4) of the Federal Rules of Civil Procedure by failing to vacate the judgment of foreclosure. All of those claims are predicated on the validity of the underlying mortgage, which the plaintiff argues was adjudicated in the defendant's appeal from the judgment of strict foreclosure. See *Seminole Realty, LLC* v. *Sekretaev*, supra, 162 Conn. App. 167. Although we agree with the plaintiff that the validity of the mortgage was decided in the defendant's prior appeal, the claims fail because title to the property has vested in the plaintiff. Accordingly, the claims are moot, and we lack jurisdiction to consider them.

"Mootness implicates the subject matter jurisdiction of this court. . . . [I]t is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . If no practical relief can be afforded to the parties, the appeal must be dismissed." (Internal quotation marks omitted.) *Chase Manhattan Mortgage Corp.* v. *Burton*, 81 Conn. App. 662, 664, 841 A.2d 248, cert. denied, 268 Conn. 919, 847 A.2d 313 (2004).

[3] The defendant's claim regarding financial and emotional damages also

is moot because title has vested in the plaintiff. See footnote 2 of this opinion.

[4] The defendant filed a motion with this court to stay the proceedings pending a decision by the United States Supreme Court. This court denied the motion for a stay. The defendant never filed a petition for a writ of certiorari with the United States Supreme Court.

[5] "In 2005, Congress enacted [the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 23 (2005)], intended as a comprehensive reform measure to curb abuses and improve fairness in the federal bankruptcy system." *Connecticut Bar Assn.* v. *United States*, 620 F.3d 81, 85 (2d Cir. 2010).

Section 362 (a) of title 11 of the United States Code provides in relevant part: "[A] petition filed under section 301, 302, or 303 of this title . . . operates as a stay applicable to all entities, of . . . (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title . . . ." The provision for an automatic stay has a limitation, as set forth in 11 U.S.C. § 362 (c) (4) (A), which provides in relevant part: "(i) [I]f a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed . . . the stay under subsection (a) shall *not* go into effect upon the filing of the later case; and (ii) on request of a party in interest, the court shall promptly enter an order confirming that no stay is in effect . . . ." (Emphasis added.)

"On request of a party in interest and after notice and [a] hearing, the court has the authority to grant relief from the automatic stay by terminating, annulling, modifying or conditioning the automatic stay. 11 U.S.C. § 362 (d). The 2005 amendments to the [United States] Bankruptcy Code added [§] 362 (d) (4), which provides bankruptcy judges with statutory authority to grant in rem relief. See *In re Montalvo*, 416 B.R. 381, 386 (Bankr. E.D.N.Y. 2009).

"In rem relief can be granted from the automatic stay as to a secured creditor's interest in real property, such that any and all future bankruptcy filings by any person or entity with an interest in the real property will not operate as an automatic stay protecting the owner and its successors and assigns for a period of two years after entry of such order." *In re Wilke*, 429 B.R. 916, 922 (Bankr. N.D. Ill. 2010).

[6] Section 362 (d) (4) (B) of title 11 of the United States Code provides that a bankruptcy court "shall grant relief from the stay . . . with respect to a stay of an act against real property . . . by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved . . . multiple bankruptcy filings affecting such real property."

[7] The district court also stated, with respect to the defendant's claim that the plaintiff violated 11 U.S.C. § 524 (a) (1) (2), that "a secured creditor's right to foreclose on the mortgage survives or passes through the bankruptcy and remains enforceable under state law." (Internal quotation marks omitted.)

[8] The court's order stated: "By agreement in open court of the defendant . . . and of the plaintiff . . . through its attorney of record . . . [the plaintiff's motion] to open the judgment in this case . . . entered October 24, 2014 . . . is GRANTED as follows.

"JUDGMENT of strict foreclosure of . . . certain real property . . . is hereby granted.

"The fair market value of the subject property is $55,000.

"The debt for purposes of this judgment, and particularly for redemption—that is, the amount the defendant must pay the plaintiff on or before his law day, August 15, 2018, to redeem the subject property is $55,000. Attorney's fees and costs were denied in the original judgment, and the plaintiff waives any new claim for fees or costs.

"The first (and only) law day is August 15, 2018.

"The parties' agreement as aforesaid is approved and made the JUDGMENT of the court."

[9] The bankruptcy court's order also stated: "During that time the [defendant] is to rectify any deficiencies, promptly provide any missing documents to the trustee, complete the 341 meeting and advance his plan (and any amendments) to a confirmation hearing to be held in late August."

[10] The plaintiff's "Motion to Reimpose a Stay and Vacate the Order Providing [Sixty Days] to Allow [Defendant] to Confirm a Repayment Plan and Correct Deficiencies and [Plaintiff's] Objection to Repayment Plan" requested that the court vacate its order of July 10, 2018, allowing the

defendant sixty days to affirm a repayment plan regarding the property, and asked the bankruptcy court to reimpose in rem relief on the ground that the debtor obtained his extension on the basis of bad faith. The motion concluded: "The [plaintiff] further requests that the [i]n [r]em [r]elief from [s]tay be reinstituted such that the law day in the Superior Court may pass and the debtor be allowed to redeem in accordance with the [o]rder of the Superior Court."

[11] The bankruptcy court's September 18, 2018 order stated: "The [c]ourt finds that the [defendant's] course of actions in [s]tate [c]ourt and through these bankruptcy proceedings and related appeals has been abusive, lacking in merit and good faith and patently intended to impede, delay and interfere with the course of duly litigated and appealed final judgment of foreclosure. The material facts delineating this course of action can be found in The Amended Motion to Vacate . . . and the supportive [s]upplemental filings . . . . Accordingly, the Amended Motion to Vacate . . . is GRANTED so Seminole Realty LLC may proceed with the [i]n [r]em relief it was previously accorded by this [c]ourt. For cause shown including a [defendant's] lack of good faith and the absence of plan feasibility and as further articulated in [o]bjections to [c]onfirmation . . . confirmation of the [defendant's] [p]lans is denied with prejudice . . . ."

[12] By filing the motion, the defendant again challenged the validity of the mortgage and argued that the judgment of strict foreclosure was void. See footnote 2 of this opinion.

[13] The bankruptcy court denied the defendant's motion for relief, stating that it was "redundant and without appropriate cause for further reconsideration. The [c]ourt concretely and definitively has addressed this request and its [refiling] is abusive, without merit and in bad faith. As the [defendant's] plan has previously been denied confirmation with prejudice, there also is no bona fide reason to maintain this [c]hapter 13 case and it is accordingly dismissed. Any further frivolous or duplicative Bankruptcy Court filings will occasion a hearing on whether the [defendant] shall be sanctioned or held in contempt of [c]ourt."

[14] The transcript of the June 1, 2018 hearing before Judge Cole-Chu discloses the following colloquy between the court and the defendant, who acknowledged a pending petition in bankruptcy.

"The Court:   . . . I'm going to go very slowly because this is . . . important, and I don't want to leave anything out. The idea, sir, is that you and the plaintiff, through its counsel, agree that law days will be set at least two months out. I'll pick a particular day in a . . . moment if the basic structure is acceptable. The value of the property for purposes of the *reinstated judgment* would be $55,000 by agreement. And that . . . amount would be the—very particularly, that amount, not the face amount of the debt with years of interest—would be the redemption amount. That is, from the court's perspective, a very reasonable, simple deal for you, but you're the one who has to make the decision, sir.

"The Defendant: So that . . . would be judgment in the rem?

"The Court: It is a judgment—

"The Defendant: Judgment, yeah—

"The Court: —of strict foreclosure.

"The Defendant: Strict foreclosure, $55,000.

"The Court: With a . . . law day of, say, August 15, two and one-half months for you to pay that or lose title to the property. $55,000. . . .

"The Defendant: Yeah, I agree. But it . . . doesn't stop me from . . . asking [the] bankruptcy court . . . to file the repayment plan. . . . If [the] bankruptcy court confirm[s] my plan, yeah, I agree.

"The Court: Well, sir, you can try, but they're not even making a claim in the bankruptcy. . . . Seminole Realty is not even making a claim. So if you declared in your chapter 13 filing . . . a debt to Seminole Realty . . . that you want to restructure . . . I would imagine that the bankruptcy court would say they didn't file a claim. There's nothing to . . . restructure.

"The Defendant: Yeah. This is—thank you. This is great—great decision. Yeah. I agree."

[15] Judge Cole-Chu granted the defendant's application for a waiver of fees.

[16] We may affirm a judgment of the trial court albeit on different grounds. See, e.g., *HSBC Bank USA, National Assn.* v. *Lahr*, 165 Conn. App. 144, 151, 138 A.3d 1064 (2016).

[17] General Statutes § 49-15 (b) provides "Upon the filing of a bankruptcy petition by a mortgagor under Title 11 of the United States Code, any judgment against the mortgagor foreclosing the title to real estate by strict foreclosure shall be opened automatically without action by any party or

the court, provided, the provisions of such judgment, other than the establishment of law days, shall not be set aside under this subsection, provided no such judgment shall be opened after the title has become absolute in any encumbrancer or the mortgagee, or any person claiming under such encumbrancer or mortgagee. The mortgagor shall file a copy of the bankruptcy petition, or an affidavit setting forth the date the bankruptcy petition was filed, with the clerk of the court in which the foreclosure matter is pending. Upon the termination of the automatic stay authorized pursuant to 11 USC 362, the mortgagor shall file with such clerk an affidavit setting forth the date the stay was terminated."

[18] Section 362 (a) of title 11 of the United States Code provides in relevant part: "[A] petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of . . . (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title; (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate . . . ."

[19] Section 108 (b) of title 11 of the United States Code provides in relevant part: "[I]f . . . an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor . . . may file any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act, and such period has not expired before the date of the filing of the petition, the trustee may only file, cure or perform, as the case may be, before the later of—(1) the end of such period . . . or (2) 60 days after the order for relief."

[20] *In re Canney* involved a mortgage foreclosure brought in Vermont under Vermont statutes. Although *In re Canney* concerned foreclosure under Vermont's statutes, the statutory procedure is similar to Connecticut's and therefore the reasoning of the Second Circuit case applies to Connecticut foreclosures with equal force. See *Provident Bank* v. *Lewitt*, supra, 84 Conn. App. 207–208.

[21] *Provident Bank* concerned a chapter 7 bankruptcy petition. *In re Canney* concerned a chapter 13 bankruptcy petition, as does the present appeal. "Section 108 (b) is contained in chapter 1 of the United States Bankruptcy Code and '[e]xcept as provided in section 1161 [railroad reorganization] of this title, chapters 1, 3, and 5 of this title apply in a case under chapter 7, 11, 12, or 13 of this title.' 11 U.S.C. § 103 (a)." *Provident Bank* v. *Lewitt*, supra, 84 Conn. App. 207 n.4.

———————————————