******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************************

PAUL CONEY *v.* COMMISSIONER OF CORRECTION
(AC 41747)

Alvord, Elgo and Albis, Js.

*Syllabus*

The petitioner, who had been convicted of the crimes of murder and criminal possession of a pistol or revolver, filed a fourth petition for a writ of habeas corpus. The habeas court, upon the request of the respondent Commissioner of Correction, issued an order to show cause why the petition should not be dismissed as untimely given that it had been filed beyond the time limit for successive petitions set forth in the applicable statute (§ 52-470 (d)). The court held an evidentiary hearing, during which the petitioner testified that he had filed a timely third habeas petition but withdrew it prior to trial because his prior habeas counsel had advised him that withdrawing the petition and refiling it would be in the petitioner's best interest because counsel had lost contact with a key witness. The petitioner further testified that counsel did not discuss § 52-470 (d) or its effect on the petitioner's ability to file another petition challenging his conviction nor did he take any other action to address the witness' unavailability and that, if the petitioner had known that withdrawing the petition and refiling would result in an untimely petition, he would not have done so. The habeas court dismissed the fourth habeas petition as untimely, concluding that the petitioner failed to demonstrate good cause for the delay in filing the petition. Thereafter, the petitioner, on the granting of certification, appealed to this court. *Held* that the habeas court did not abuse its discretion in determining that the petitioner failed to demonstrate good cause for the delay in filing his fourth habeas petition: contrary to the petitioner's claim that his prior habeas counsel's deficient advice to withdraw his third habeas petition constituted good cause, there were no external factors outside of the petitioner's control that caused or contributed to the withdrawal of that petition and the delay in filing the fourth habeas petition, and the petitioner and his counsel together exclusively bore responsibility for the delay in filing the fourth petition; moreover, insofar as the petitioner contended that the witness' unavailability for trial on the third habeas petition constituted an external factor that warranted the withdrawal of that petition and the subsequent untimely filing of the fourth habeas petition, it was clear that the petitioner and his counsel both bore personal responsibility for this proffered excuse, as neither took steps to address the witness issue by filing a motion for a continuance or requesting a status conference, but, rather, the petitioner addressed the issue by taking the drastic step of withdrawing the petition; furthermore, this court rejected the petitioner's assertion that the habeas court's decision was inconsistent with our Supreme Court's holding in *Kelsey* v. *Commissioner of Correction* (343 Conn. 424) that a petitioner's lack of knowledge of a change in the law is potentially sufficient to establish good cause, as the court in *Kelsey* did not hold that ignorance of the law is typically sufficient, and the habeas court in this case specifically considered both the petitioner's and his counsel's lack of knowledge of the time limit in § 52-470 (d) but, nevertheless, determined that there was no good cause for the delay in filing the petition.

Argued February 3, 2021—officially released September 13, 2022

*Procedural History*

Petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland, where the court, *Sferrazza, J.*, rendered judgment dismissing the petition, from which the petitioner, on the granting of certification, appealed to this court. *Affirmed.*

*Judie Marshall*, assigned counsel, with whom, on the brief, was *Stephanie L. Evans*, assigned counsel, for

the appellant (petitioner).

*Sarah Hanna*, senior assistant state's attorney, with whom, on the brief, were *Maureen Platt*, state's attorney, and *Eva B. Lenczewski*, supervisory assistant state's attorney, for the appellee (respondent).

*Opinion*

ELGO, J. The petitioner, Paul Coney,[1] appeals from the judgment of the habeas court dismissing his petition for a writ of habeas corpus as untimely pursuant to General Statutes § 52-470 (d) and (e).[2] On appeal, the petitioner claims that the habeas court erred in determining that he failed to demonstrate good cause to overcome the statutory presumption of unreasonable delay. We disagree and, accordingly, affirm the judgment of dismissal.

The following facts and procedural history are relevant to this appeal. After a jury trial, the petitioner was convicted of one count of murder in violation of General Statutes § 53a-54a (a) and one count of criminal possession of a pistol or revolver in violation of General Statutes § 53a-217c (a). *State* v. *Coney*, 266 Conn. 787, 790, 835 A.2d 977 (2003). The trial court sentenced the petitioner to a total effective term of sixty years of imprisonment, and our Supreme Court affirmed the judgment of conviction on direct appeal. Id., 790–91.

On February 20, 2004, the petitioner filed his first petition for a writ of habeas corpus (first petition), challenging the validity of his criminal conviction. The habeas court denied this petition. This court affirmed that judgment, and our Supreme Court thereafter denied certification to appeal. *Coney* v. *Commissioner of Correction*, 117 Conn. App. 860, 982 A.2d 220 (2009), cert. denied, 294 Conn. 924, 985 A.2d 1061 (2010). On March 18, 2010, the petitioner filed a second petition for a writ of habeas corpus (second petition), which also challenged his criminal conviction. He subsequently withdrew that petition prior to trial.

On June 1, 2012, the petitioner filed a third petition for a writ of habeas corpus (third petition), again challenging his criminal conviction, and a trial was scheduled for January 12, 2015. Shortly before the start of that trial, the petitioner's counsel advised the petitioner to withdraw the third petition because counsel had lost contact with a witness whose testimony counsel believed was essential to establish one of the claims set forth in the petition. Relying on that advice, the petitioner withdrew the third petition on January 6, 2015.[3]

On January 20, 2015, the petitioner filed a fourth petition for a writ of habeas corpus (fourth petition), which also challenged his criminal conviction and is the subject of this appeal. At the request of the respondent, the Commissioner of Correction, the court, *Sferrazza, J.*, issued an order, pursuant to § 52-470 (e), requiring the petitioner to show cause as to why the petition should not be dismissed as untimely, given that it was filed outside of the time periods prescribed in § 52-470 (d), and scheduled a hearing for May 1, 2018 (show cause hearing).

Prior to the show cause hearing, the petitioner submitted a "motion to find good cause and allow the case to proceed to trial." Therein, the petitioner asserted that his counsel for the third habeas action had advised him that "an important witness may not attend the trial," that "without his testimony the petitioner was unlikely to prevail," and that "he could withdraw his habeas petition and then refile, providing him with additional time to locate the witness." The petitioner further noted that his counsel had not sought a continuance or any other means of addressing the issue of the witness' unavailability prior to suggesting withdrawal. Finally, the petitioner asserted that his counsel never explained § 52-470 (d) or its impact on his ability to file future habeas petitions.

The petitioner testified at the show cause hearing, and no other evidence was presented. When asked, the petitioner agreed that his prior habeas counsel advised him to withdraw his third petition because a particular witness, who the petitioner's counsel described as "a key witness to one of [the habeas] claims," might not have been able to attend the trial on the third petition. The petitioner testified that his counsel informed him that he had lost contact with the witness and felt that withdrawing the petition and refiling would be in the petitioner's best interest.[4] The petitioner further testified that this discussion occurred during a meeting that lasted approximately five to ten minutes and that his counsel never discussed § 52-470 (d) or its effect on the petitioner's ability to file another petition attacking his conviction. The petitioner also testified that his counsel took no other action to address the witness' unavailability. Finally, he testified that, if he had known that withdrawing the third petition and refiling would result in an untimely petition, he would not have withdrawn his third petition.

Thereafter, each side presented arguments on the issue of good cause for the delay. The petitioner's counsel argued that the delay resulted from prior habeas counsel's "ineffectiveness"[5] and that such ineffective assistance satisfied § 52-470 (e), specifically citing the witness' alleged unavailability as the basis for the suggestion that the petitioner withdraw the third petition. Counsel for the respondent argued that the claim regarding the "missing" witness was meritless and that attorney error could not be the basis of good cause.

The day after the show cause hearing, the court issued a memorandum of decision dismissing the petitioner's fourth petition. The court first determined that the fourth petition was presumptively untimely pursuant to § 52-470 (d).[6] The court then set forth the relevant facts as follows: "The trial [on the third petition] was scheduled to begin on January 12, 2015. Unfortunately, a highly desirable witness, in the view of the petitioner and his habeas counsel . . . went missing shortly

before trial.

"[The petitioner's counsel] discussed this development with the petitioner and advised him that the best course would be to withdraw the [third petition] before trial and refile the claims in a new habeas [petition] to gain more time to locate the witness for use at a future trial. The petitioner accepted this advice and withdrew the third [petition] on January 6, 2015, around one week before the first day of trial. The sole purpose of that withdrawal was to avoid trial in the hope that, if a new habeas case was initiated, the witness could be found and his testimony presented at some later date. . . .

"Neither [the petitioner's counsel] nor the petitioner considered the effect the passage of § 52-470 (d) . . . had on the filing of a new habeas [petition] . . . that is, the petitioner could not file a new habeas [petition], directed at his criminal conviction, without invoking the presumption of undue delay, which, if unrebutted, mandated dismissal."

The court then determined that the petitioner had failed to establish good cause for the delay in filing, "reject[ing] poor legal advice as a basis for rebutting the presumption of undue delay."[7] In so doing, the court specifically cited the principle that "[g]ood cause must be external to the defense . . . ." See *Jackson* v. *Commissioner of Correction*, 227 Conn. 124, 137, 629 A.2d 413 (1993). Thereafter, the petitioner filed a petition for certification to appeal, which the court granted, and this appeal followed.[8]

Following oral argument, this court ordered, sua sponte, that this appeal be stayed pending the release of our Supreme Court's decision in *Kelsey* v. *Commissioner of Correction*, 343 Conn. 424, 274 A.3d 85 (2022).[9] Following the release of our Supreme Court's decision in *Kelsey*, the parties were ordered to file supplemental briefs addressing *Kelsey*'s impact on this appeal.

We begin our analysis by setting forth the applicable standard of review. "[A] habeas court's determination regarding good cause under § 52-470 (e) is reviewed on appeal only for abuse of discretion. Thus, [w]e will make every reasonable presumption in favor of upholding the trial court's ruling[s] . . . . In determining whether there has been an abuse of discretion, the ultimate issue is whether the court . . . reasonably [could have] conclude[d] as it did."[10] (Internal quotation marks omitted.) Id., 440.

Section 52-470 (d) provides in relevant part: "In the case of a petition filed subsequent to a judgment on a prior petition challenging the same conviction, there shall be a rebuttable presumption that the filing of the subsequent petition has been delayed without good cause if such petition is filed after . . . October 1, 2014 . . . ." Section 52-470 (e) provides in relevant part that, "[i]f . . . the court finds that the petitioner has not

demonstrated good cause for the delay, the court shall dismiss the petition. . . .”

“[T]o rebut successfully the presumption of unreasonable delay in § 52-470, a petitioner generally will be required to demonstrate that something outside of the control of the petitioner or habeas counsel caused or contributed to the delay.”[11] (Internal quotation marks omitted.) *Kelsey* v. *Commissioner of Correction*, supra, 343 Conn. 441–42. The following nonexhaustive list of factors aid in determining whether a petitioner has satisfied the definition of good cause: “(1) whether external forces outside the control of the petitioner had any bearing on the delay; (2) whether and to what extent the petitioner or his counsel bears any personal responsibility for any excuse proffered for the untimely filing; (3) whether the reasons proffered by the petitioner in support of a finding of good cause are credible and are supported by evidence in the record; and (4) how long after the expiration of the filing deadline did the petitioner file the petition.”[12] (Internal quotation marks omitted.) Id., 442.

“[A]lthough . . . the legislature certainly contemplated a petitioner’s lack of knowledge of a change in the law as potentially sufficient to establish good cause for an untimely filing, the legislature did not intend for a petitioner’s lack of knowledge of the law, standing alone, to establish that a petitioner has met his evidentiary burden of establishing good cause. As with any excuse for a delay in filing, the ultimate determination is subject to the same factors previously discussed, relevant to the petitioner’s lack of knowledge: whether external forces outside the control of the petitioner had any bearing on his lack of knowledge, and whether and to what extent the petitioner or his counsel bears any personal responsibility for that lack of knowledge.” (Footnote omitted.) Id., 444–45. Furthermore, this court has recently considered whether an attorney’s advice to withdraw a timely petition and to file another petition, without considering the effect of the time limit in § 52-470 (d), can establish good cause for delay and concluded that, without more, an attorney’s erroneous advice does not constitute good cause within the meaning of § 52-470. See *Michael G.* v. *Commissioner of Correction*, 214 Conn. App. 358, 364–72,    A.3d (2022).

In *Kelsey*, the petitioner filed a second petition for a writ of habeas corpus approximately five years after our Supreme Court denied his petition for certification to appeal from this court’s judgment affirming the habeas court’s denial of the petitioner’s first petition for a writ of habeas corpus. *Kelsey* v. *Commissioner of Correction*, supra, 343 Conn. 429. The habeas court determined that the petitioner did not demonstrate good cause for the delay in filing his second petition and, therefore, dismissed the petition. Id., 431. On

appeal before our Supreme Court, the petitioner argued that, "in addition to his prior habeas counsel's failure to inform him of any statutory filing deadlines, his status as a self-represented party when he filed this petition caused the delay in filing insofar as his conditions of confinement had caused him to be unaware of the deadline set by the 2012 amendments to § 52-470." Id., 441. The court rejected this argument, noting that "the petitioner had access to a resource center that included the General Statutes" and that "the petitioner stated [as an explanation for the delay] that he was housed in and out of administrative segregation due to a disciplinary problem." Id., 446.

Similarly, in *Michael G.* v. *Commissioner of Correction*, supra, 214 Conn. App. 358, the petitioner filed a subsequent petition for a writ of habeas corpus challenging his conviction approximately ten months after the passing of the statutory deadline and the withdrawal of a previous habeas petition challenging the conviction. Id., 362. The petitioner argued that his prior counsel, who had advised him to withdraw his petition, provided deficient advice, which constituted good cause for his delay in filing his subsequent petition. Id., 364. This court disagreed and, on the basis of the factors set forth in *Kelsey*, determined that "there [were] no external factors at play and the petitioner and his habeas counsel together exclusively [bore] responsibility for the delay in filing the petition." Id., 370. In addition, this court concluded that "the habeas court . . . reasonably concluded that the petitioner's [withdrawal of the previous petition was] an attempt to 'manipulate or delay proceeding to trial.' " Id., 371–72.

In the present case, the petitioner does not dispute that his fourth petition was presumptively untimely. Rather, he argues that the court erred when it determined that the petitioner had not established good cause for the delay in filing his fourth petition. Specifically, the petitioner argues that his prior habeas counsel's advice to withdraw his third petition, despite the fact that the statutory deadline had passed, constituted good cause for the delay in filing. In addition, the petitioner points to his ignorance of the law, his counsel's ignorance of the law, and the unavailability of the important witness as being beyond his control and excusing his untimely fourth petition. We disagree.

The first two *Kelsey* factors are particularly instructive: on the basis of the evidence presented at the show cause hearing, there are no external factors at play and the petitioner and his prior habeas counsel together exclusively bear responsibility for the delay in filing. See *Kelsey* v. *Commissioner of Correction*, supra, 343 Conn. 445. As the respondent notes, "the petitioner and his counsel were solely responsible for the withdrawal of the petitioner's [third] petition. Therefore, the 'cause' of the delay was not 'something outside of the control

of the petitioner or habeas counsel' as required under [*Kelsey*'s] definition of good cause . . . ." The habeas court expressly credited the petitioner's testimony that the reason he failed to timely file the fourth petition was because of his prior habeas counsel's advice. As a result, the court determined that the petitioner's prior counsel bore personal responsibility for the untimely filing. In light of its determination that the poor advice of counsel does not constitute good cause, the court concluded that the petitioner had not overcome the statutory presumption that his fourth petition was untimely and must be dismissed. On the basis of the evidence presented at the show cause hearing, there are no external factors at play, and the petitioner and his prior habeas counsel together exclusively bear responsibility for the delay in filing the fourth petition. See *Kelsey* v. *Commissioner of Correction*, supra, 442; see also *Schoolhouse Corp.* v. *Wood*, 43 Conn. App. 586, 591–92, 284 A.2d 1191 (1996) (neglect by party or party's attorney does not meet traditional definition of good cause), cert. denied, 240 Conn. 913, 691 A.2d 1079 (1997).

Although it is arguable that the witness' unavailability for trial on the third petition constituted an external factor outside the control of the petitioner and his counsel that warranted the withdrawal of the third petition and subsequent untimely filing of the fourth petition, under the present facts, it is clear that the petitioner and his counsel both bear personal responsibility for this proffered excuse. See *Kelsey* v. *Commissioner of Correction*, supra, 343 Conn. 442. As discussed previously in this opinion, the petitioner and his counsel took no other steps to address the issue regarding the witness, as no motion for a continuance was filed and no request for a status conference was made. The petitioner addressed the issue only by taking the rather drastic step of withdrawing his entire third petition. Counsel's error in failing to consider the effect of § 52-470 on future petitions is not tempered by the reason for his advice to withdraw the petition.

Finally, although our Supreme Court specifically recognized "a petitioner's lack of knowledge of a change in the law as potentially sufficient to establish good cause for an untimely filing"; *Kelsey* v. *Commissioner of Correction*, supra, 343 Conn. 444; the court did not hold that ignorance of the law is typically sufficient. We therefore reject the petitioner's position that the habeas court's decision "is inconsistent with the holding in *Kelsey*, since the *Kelsey* court acknowledged the legislative intent to consider knowledge of the law as part of the good cause analysis." Furthermore, the habeas court in this case specifically considered both the petitioner's and his counsel's lack of knowledge of the time limit in § 52-470 (d) but determined that there was no good cause for delay—this conclusion does not run afoul of *Kelsey*. Thus, we conclude that the habeas

court did not abuse its discretion in determining that the petitioner had failed to demonstrate good cause for the delay in filing his fourth petition for a writ of habeas corpus.[13]

The judgment is affirmed.

In this opinion the other judges concurred.

[1] In the underlying criminal trial, the petitioner was convicted under the name Stephen Coney. See *State* v. *Coney*, 266 Conn. 787, 835 A.2d 977 (2003). In the present case, and in his previous habeas cases, however, the petitioner has used the name Paul Coney. The petitioner's full name is Stephen Paul Coney.

[2] General Statutes § 52-470 provides in relevant part: "(d) In the case of a petition filed subsequent to a judgment on a prior petition challenging the same conviction, there shall be a rebuttable presumption that the filing of the subsequent petition has been delayed without good cause if such petition is filed after the later of the following: (1) Two years after the date on which the judgment in the prior petition is deemed to be a final judgment due to the conclusion of appellate review or the expiration of the time for seeking such review; (2) October 1, 2014; or (3) two years after the date on which the constitutional or statutory right asserted in the petition was initially recognized and made retroactive pursuant to a decision of the Supreme Court or Appellate Court of this state or the Supreme Court of the United States or by the enactment of any public or special act. For the purposes of this section, the withdrawal of a prior petition challenging the same conviction shall not constitute a judgment. The time periods set forth in this subsection shall not be tolled during the pendency of any other petition challenging the same conviction. Nothing in this subsection shall create or enlarge the right of the petitioner to file a subsequent petition under applicable law.

"(e) In a case in which the rebuttable presumption of delay . . . applies, the court, upon the request of the respondent, shall issue an order to show cause why the petition should be permitted to proceed. The petitioner or, if applicable, the petitioner's counsel, shall have a meaningful opportunity to investigate the basis for the delay and respond to the order. If, after such opportunity, the court finds that the petitioner has not demonstrated good cause for the delay, the court shall dismiss the petition. For the purposes of this subsection, good cause includes, but is not limited to, the discovery of new evidence which materially affects the merits of the case and which could not have been discovered by the exercise of due diligence in time to meet the requirements of subsection . . . (d) of this section. . . ."

[3] The petitioner asserts that the habeas court should have canvassed him in person or via live video from the correctional facility before accepting his withdrawal of his third petition. The petitioner does not, however, explain how this alleged failure impacts the good cause analysis. Because the petitioner withdrew his third petition prior to trial and the rendering of a final judgment on its merits, that issue is not properly before us.

[4] Although the witness' testimony would be presented in support of only one of the claims set forth in the third petition, the petitioner's counsel recommended withdrawal of the whole petition because he considered that claim to be the strongest one.

[5] Specifically, the petitioner's counsel cited prior counsel's failure to inform the petitioner of the time limit in § 52-470 (d), to pursue less "dramatic" steps such as requesting a continuance to find the witness, and to notify the petitioner of other options of addressing the issue regarding the witness.

[6] Specifically, the court determined: "[T]he unfavorable decision [in the first habeas action] became final, at the latest, by January 25, 2010 . . . . The petitioner filed the present habeas action on January 20, 2015, nearly five years later. . . . Thus, the presumption of delay without good cause in § 52-470 (d) is activated." Although the petitioner does not challenge this determination, we note for the sake of clarity that the proper date by which to measure the timeliness of subsequent petitions challenging the petitioner's criminal conviction was October 1, 2014. See General Statutes § 52-470 (d) ("there shall be a rebuttable presumption that the filing of the subsequent petition has been delayed without good cause if such petition is filed after the *later* of the following: (1) Two years after the date on which the judgment in the prior petition is deemed to be a final judgment due to the conclusion of appellate review or the expiration of the time for seeking such review;

(2) October 1, 2014; or (3) two years after the date on which the constitutional or statutory right asserted in the petition was initially recognized and made retroactive" (emphasis added)).

[7] The petitioner asserts that the habeas court "relied on an analysis that ignorance of the law is not a basis for good cause . . . ." The petitioner misinterprets the court's decision, however, as the court looked to "similar areas of the law" to determine whether "poor legal advice" could be sufficient to rebut the presumption of undue delay.

[8] Following the submission of the petitioner's appellate brief but prior to the submission of the respondent's brief, the respondent filed a motion to stay the appellate proceedings pending the release of our Supreme Court's decision in *Langston* v. *Commissioner of Correction*, 335 Conn. 1, 225 A.3d 282 (2020). This court granted the motion and entered an order staying the appeal. Follow the release of *Langston*, the respondent submitted its appellate brief.

Thereafter, the petitioner, represented by new appellate counsel, filed a motion for substitute briefing, requesting that the briefing process be restarted and arguing that his prior appellate counsel was deficient and that the petitioner "was not at fault for prior counsel's failure" and "should not suffer a deprivation based on prior counsel's errors." This court denied the motion but ordered, sua sponte, that the petitioner could file a supplemental brief to which the respondent would have the opportunity to respond. Both parties filed supplemental briefs.

[9] Initially, this court ordered the parties to provide their positions on whether the appeal should be stayed pending *Kelsey*. The respondent objected to a stay of proceedings, and the petitioner requested a stay. Thereafter, this court determined that no stay was necessary. Upon further consideration, however, this court determined that a stay was necessary and, accordingly, entered an order of stay.

[10] In his initial appellate brief, the petitioner asserted that, because his claim concerns the legal meaning of "good cause," it is subject to plenary review. In light of our Supreme Court's decision in *Kelsey*, the petitioner concedes that his claim is reviewed pursuant to the abuse of discretion standard. See *Kelsey* v. *Commissioner of Correction*, supra, 343 Conn. 440.

[11] Initially, the petitioner asserted that this court must engage in statutory interpretation and look to other areas of the law addressing "good cause" as well as sixth amendment jurisprudence in order to establish whether the facts of the case establish good cause for delay pursuant to § 52-470 (e). Following the release of *Kelsey*, however, the petitioner does not challenge the definition of good cause or the relevant factors for consideration set forth in that decision, which is binding on this court. See *Stuart* v. *Stuart*, 297 Conn. 26, 45–46, 996 A.2d 259 (2010) ("it is manifest to our hierarchical judicial system that [the Supreme Court] has the final say on matters of Connecticut law and that the Appellate Court . . . [is] bound by [its] precedent").

[12] In addition to these factors, "the habeas court may also include in its good cause analysis whether a petition is wholly frivolous on its face. . . . [T]he good cause determination can be, in part, guided by the merits of the petition." *Kelsey* v. *Commissioner of Correction*, supra, 343 Conn. 444 n.9.

[13] In his supplemental brief addressing *Kelsey*'s effect on this case, the petitioner suggests that, because the habeas court did not have the guidance of *Kelsey* when considering whether there was good cause for the delay, "this matter should be remanded for further proceedings." We conclude that this argument has no merit.