******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

QUINCY RAPP *v.* COMMISSIONER OF CORRECTION
(AC 46079)

Alvord, Cradle and Clark, Js.

*Syllabus*

The petitioner, who had been convicted, on a plea of guilty, of murder, sought a writ of habeas corpus, claiming that both his trial counsel and prior habeas counsel were ineffective and that his guilty plea was not knowing, intelligent and voluntary in violation of his due process rights. In 2010, approximately two years after his conviction, the petitioner filed a petition for habeas corpus, in which he was represented by D. In 2013, the petitioner withdrew his petition just prior to trial. In 2018, the petitioner filed the underlying habeas petition, which he amended in 2022. The respondent, the Commissioner of Correction, filed a motion pursuant to the statute (§ 52-470) governing summary disposal of habeas corpus matters for an order to show cause as to why the petition should not be dismissed as untimely because it was filed more than five years after the petitioner's judgment of conviction became final in 2008. In response, the petitioner claimed that good cause existed for the delay in the filing of his petition because D failed to advise him of the time constraints outlined in § 52-470 for a subsequent habeas petition and, if he had been so advised, he would not have withdrawn his first habeas petition. The habeas court found that the petitioner had failed to show good cause for the delay in filing and dismissed the petition. Just prior to oral argument in the present appeal, the Supreme Court issued its decision in *Rose* v. *Commissioner of Correction* (348 Conn. 333), which held that ineffective assistance of counsel is an objective factor external to a petitioner that may constitute good cause to excuse the late filing of a habeas petition under the totality of the circumstances pursuant to § 52-470 (c) and (e). *Held* that the habeas court did not apply the correct legal standard under § 52-470 (c) and (e) in deciding that the petitioner had not demonstrated good cause for the late filing of his habeas petition; although the habeas court did not expressly reject the petitioner's allegation that D's alleged ineffective assistance in not advising him of the deadline for filing a new petition caused the delay, the habeas court did not consider the alleged ineffective assistance of counsel as an external factor that caused the delay in filing the untimely petition, and, in light of the Supreme Court's decision in *Rose*, the petitioner was entitled to a new hearing at which the court applies the correct legal standard set forth by the Supreme Court.

Argued January 10—officially released March 19, 2024

*Procedural History*

Amended petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland, where the court, *Newson, J.*, rendered judgment dismissing the petition, from which the petitioner, on the granting of certification, appealed to this court. *Reversed*; *further proceedings.*

*Vishal K. Garg*, assigned counsel, for the appellant (petitioner).

*Rocco A. Chiarenza*, senior assistant state's attorney, with whom, on the brief, were *Maureen Platt*, state's attorney, and *Elizabeth Mosely*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

CRADLE, J. The petitioner, Quincy Rapp, appeals from the habeas court's dismissal of his amended petition for a writ of habeas corpus as untimely under General Statutes § 52-470 (c) and (e).[1] On appeal, the petitioner claims that the court erred in concluding that he failed to establish good cause for his untimely petition. Specifically, the petitioner argues that his prior habeas counsel's failure to advise him of the statutory deadline for filing a new petition following the withdrawal of his then pending petition constituted ineffective assistance of counsel, which constituted good cause for the delay in filing.[2] In light of our Supreme Court's recent decision in *Rose* v. *Commissioner of Correction*, 348 Conn. 333, 304 A.3d 431 (2023), we conclude that the judgment of the habeas court must be reversed, and we remand the case for a new good cause hearing.[3]

The following procedural history is relevant to our resolution of the petitioner's claim on appeal. In 2008, pursuant to a guilty plea, the petitioner was convicted of murder in violation of General Statutes § 53a-54a, for which he was sentenced to a term of fifty years of incarceration. The petitioner did not appeal his conviction. In 2010, the petitioner filed a petition for a writ of habeas corpus, in which he was represented by Attorney John Duguay.[4] On June 6, 2013, just prior to trial, the petitioner withdrew his petition.[5]

On October 31, 2018, the petitioner filed the underlying habeas petition, which he amended on March 21, 2022. In his amended petition, the petitioner raised three claims. The petitioner alleged that both his trial counsel and prior habeas counsel had rendered ineffective assistance and that his guilty plea was not knowing, intelligent and voluntary in violation of his due process rights. On May 25, 2022, the respondent, the Commissioner of Correction, filed a motion pursuant to § 52-470 (c) and (e) for an order to show cause as to why the petition should not be dismissed as untimely because it was filed more than five years after his judgment of conviction became final on November 27, 2008, when the period for filing an appeal of that judgment expired. In response, the petitioner claimed that "good cause" existed for the delay in the filing of his petition because his prior habeas counsel, Duguay, failed to advise him of the time constraints outlined in § 52-470 for a subsequent habeas petition and, if he had been so advised, he would not have withdrawn his first habeas petition.[6]

On September 23, 2022, the court held a good cause hearing, at which the petitioner testified, inter alia, that he was unaware of the filing deadlines set forth in § 52-470 because Duguay never informed him of those deadlines.[7]

On October 13, 2022, the court, by way of a memoran-

dum of decision, rejected the petitioner's argument that good cause existed for the delay in the filing of his petition and dismissed it. The court reasoned: "[T]he petitioner has failed to show good cause for the delay in filing his petition. He admits that he was actively researching rather complicated legal issues related to his alleged mental health in order to challenge his conviction but claims that he was otherwise unaware of the fact that there was a time limitation on filing a challenge to his conviction. [T]he time worn maxim [is] that everyone is presumed to know the law, and that ignorance of the law excuses no one . . . . *Provident Bank* v. *Lewitt*, 84 Conn. App. 204, 209, 852 A.2d 852, cert. denied, 271 Conn. 924, 859 A.2d 580 (2004). Those tenets are founded upon public policy and in necessity, and the idea [behind] them is that one's acts must be considered as having been done with knowledge of the law, for otherwise its evasion would be facilitated and the courts burdened with collateral inquiries into the content of men's minds. . . . Id., 209–10. Thus, the [petitioner] is charged with knowledge of the law. *State* v. *Surette*, 90 Conn. App. 177, 182, 876 A.2d 582 (2005). Even given the benefit entitled to an incarcerated inmate due to the lack of complete autonomy and access to the legal library, there was no evidence here that anything *prohibited or interfered* with the petitioner's ability to find out about § 52-470, as opposed to the fact that he chose to focus on researching other legal issues. And, while the petitioner insinuates that the age of the legal material he had access to prohibited him from timely access to changes in the law, he filed the current petition within eight months of the release of *Cruz* [v. *United States*, Docket No. 11-CV-787 (JCH), 2018 WL 1541898 (D. Conn. March 29, 2018), vacated, 826 Fed. Appx. 49 (2d Cir. 2020)], which was an unreported decision. Surely, therefore, then the petitioner had ample opportunity to educate himself or to otherwise become aware of the changes in § 52-470 that became effective in October, 2012. Public Acts 2012, No. 12-115, § 1. The delay here was not outside forces beyond the petitioner's control; it was simply that the petitioner had not found what he believed the proper legal issue to attach his claims to." (Emphasis in original; internal quotation marks omitted.) Thereafter, the habeas court granted the petitioner's petition for certification to appeal, and this appeal followed.

After the parties filed their briefs in this appeal, but before oral argument, our Supreme Court issued its decision in *Rose* v. *Commissioner of Correction*, supra, 348 Conn. 333. At oral argument, the parties were prepared to address, and did address, the impact of *Rose* on their respective positions. The issue in this case, whether the habeas court properly rejected the petitioner's claim that ineffective assistance of his prior habeas counsel constituted good cause for the delay in the filing of his petition, specifically in light of *Rose*, is the

same issue that was before this court in *Hankerson* v. *Commissioner of Correction*, 223 Conn. App. 562, 567–71, A.3d (2024). In *Hankerson*, this court explained: "In *Rose*, the court addressed whether prior habeas counsel's failure to advise a petitioner of the deadline for filing a new petition following the withdrawal of a pending petition may constitute good cause to justify a late-filed petition under § 52-470 (c) . . . and (e). See [*Rose* v. *Commissioner of Correction*, supra], 346–47. In that case, the respondent, relying on our Supreme Court's decision in *Kelsey* v. *Commissioner of Correction*, [343 Conn. 424, 441–42, 274 A.3d 85 (2022)], argued that an error by counsel, even if it rose to the level of constitutionally deficient performance, was not an external factor that could constitute good cause. *Rose* v. *Commissioner of Correction*, supra, 347. In particular, the respondent in *Rose* relied on the Supreme Court's statement in *Kelsey* that, to rebut successfully the presumption of unreasonable delay in § 52-470, a petitioner generally will be required to demonstrate that something *outside of the control of the petitioner or habeas counsel* caused or contributed to the delay. . . . *Kelsey* v. *Commissioner of Correction*, supra, 441–42.

"In *Rose*, the court rejected the respondent's reliance on *Kelsey* and, instead, relying on federal precedents in the area of procedural default . . . concluded that [i]neffective assistance of counsel is an objective factor external to the defense because the [s]ixth [a]mendment itself requires that responsibility for the default be imputed to the [s]tate. . . . In other words, it is not the gravity of the attorney's error that matters, but that it constitutes a violation of [the] petitioner's right to counsel, so that the error must be seen as an external factor, i.e., imputed to the [s]tate. . . . Although a petitioner is bound by his counsel's inadvertence, ignorance, or tactical missteps, regardless of whether counsel is flouting procedural rules or hedging against strategic risks, a petitioner is not bound by the ineffective assistance of his counsel. . . . Consistent with this authority, we conclude that ineffective assistance of counsel is an objective factor external to the petitioner that may constitute good cause to excuse the late filing of a habeas petition under the totality of the circumstances pursuant to § 52-470 (c) and (e). . . . *Rose* v. *Commissioner of Correction*, supra, 348 Conn. 347–48." (Emphasis in original; footnotes omitted; internal quotation marks omitted.) *Hankerson* v. *Commissioner of Correction*, supra, 223 Conn. App. 567–69.

In *Hankerson*, the habeas court "expressly relied on *Kelsey* in concluding that, even if the petitioner's testimony, which indicated that he was not properly advised by [prior habeas counsel] of the deadline for filing a new habeas petition, were accurate, [prior habeas counsel's] failure to advise the petitioner would not be an external factor that constitutes good cause." Id., 569. Although

this case is distinguishable from *Hankerson* in that the habeas court in this case did not expressly reject the petitioner's allegation that Duguay's alleged ineffective assistance in not advising him of the deadline for filing a new petition caused the delay, it is similar in that the habeas court did not consider the alleged ineffective assistance of counsel as an external factor that caused the delay in filing the untimely petition. Thus, in the present case, like in *Hankerson*, "the habeas court did not have the benefit of our Supreme Court's clarification of *Kelsey* in *Rose* regarding 'the fundamental distinction between internal and external factors that cause or contribute to a petitioner's failure to comply with a procedural rule.' [*Rose* v. *Commissioner of Correction*, supra, 348 Conn.] 347. The habeas court therefore did not apply the correct legal standard when deciding whether the petitioner had demonstrated good cause for the late filing of his petition." *Hankerson* v. *Commissioner of Correction*, supra, 223 Conn. App. 569. Accordingly, also as in *Hankerson*, the petitioner in this case is entitled to a new hearing at which the court applies the correct legal standard set forth by our Supreme Court.

The judgment is reversed and the case is remanded for a new hearing and good cause determination under § 52-470 (c) and (e).

In this opinion the other judges concurred.

[1] General Statutes § 52-470 provides in relevant part: "(c) Except as provided in subsection (d) of this section, there shall be a rebuttable presumption that the filing of a petition challenging a judgment of conviction has been delayed without good cause if such petition is filed after the later of the following: (1) Five years after the date on which the judgment of conviction is deemed to be a final judgment due to the conclusion of appellate review or the expiration of the time for seeking such review; (2) October 1, 2017; or (3) two years after the date on which the constitutional or statutory right asserted in the petition was initially recognized and made retroactive pursuant to a decision of the Supreme Court or Appellate Court of this state or the Supreme Court of the United States or by the enactment of any public or special act. The time periods set forth in this subsection shall not be tolled during the pendency of any other petition challenging the same conviction. . . .

"(e) . . . If . . . the court finds that the petitioner has not demonstrated good cause for the delay, the court shall dismiss the petition. . . ."

[2] The petitioner also argues that good cause existed for his delay in filing because he did not believe that he had a valid basis for his petition until the 2018 release of *Cruz* v. *United States*, Docket No. 11-CV-787 (JCH), 2018 WL 1541898 (D. Conn. March 29, 2018) (holding that decision in *Miller* v. *Alabama*, 567 U.S. 460, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012), applies to persons who were eighteen years old at time of their crimes, making sentencing schemes requiring mandatory life sentences without possibility of parole violation of eighth amendment prohibition against cruel and unusual punishment by failing to consider youth and accompanying considerations in sentencing), vacated, 826 Fed. Appx. 49 (2d Cir. 2020). Although the habeas court referred to this argument as support for its conclusion that the petitioner had ample opportunity to learn of the filing deadlines set forth in § 52-470, it did not address the petitioner's argument that good cause existed for his delay because he did not believe that he had a basis for his petition until the release of *Cruz* in 2018. Because the court did not address this argument, it is not properly before us now.

[3] In light of this resolution, we need not address the petitioner's additional claim that the court abused its discretion in denying his motion for continuance of the good cause hearing to afford him the opportunity to subpoena his prior habeas counsel, who then resided in Colorado, or to obtain an

affidavit from him regarding what advice he rendered to the petitioner, if any, regarding the § 52-470 deadlines. We note, however, that the habeas court's denial of the petitioner's motion for continuance, like its ultimate decision on good cause, was not fully informed in that *Rose* had not yet been decided when the court ruled on that motion and, in the absence of that ruling, the alleged ineffective assistance of the petitioner's prior habeas counsel was not an external factor for the court's consideration when determining good cause. In other words, prior to *Rose*, a continuance to secure the testimony of prior habeas counsel would have been unnecessary. On remand, the petitioner should be afforded a reasonable opportunity, within the court's discretion, to subpoena or otherwise attempt to secure admissible evidence pertaining to the assistance rendered by the petitioner's prior habeas counsel.

[4] At that time, Duguay was an associate attorney at the Law Office of Michael D. Day, LLC. After Michael Day met with the petitioner once upon the appointment of his office to represent the petitioner, Duguay undertook the representation of the petitioner.

[5] At the good cause hearing in this action, the petitioner testified that, in connection with his first habeas petition, he underwent a psychological evaluation but that that evaluation "didn't show whatever it was supposed to show . . . ." The petitioner testified that, on that basis, Duguay "suggested that [the petitioner] withdraw [his] habeas because the case was weak, and if [he] didn't withdraw the habeas, that [Duguay] would file an *Anders* brief . . . ."

[6] The petitioner also claimed that the delay in his filing was caused by "the Department of Correction's denial of [his] constitutional right of access to the courts by failing to provide adequate legal resources that would allow him to educate himself about the time limitations for filing a habeas corpus petition." To the extent the habeas court implicitly rejected that claim, the petitioner has not challenged that ruling on appeal.

[7] At the good cause hearing, the petitioner, through his counsel, attempted to introduce into evidence emails between Duguay and the petitioner's counsel pertaining to what Duguay told the petitioner as to the § 52-470 filing deadlines. The court declined to admit them into evidence because there was no foundation for them, they constituted hearsay and they were being offered to "prove a fact that right now before [the court] [based on the petitioner's testimony] is uncontroverted."

———————————————————