******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

# PAUL CONEY *v.* COMMISSIONER OF CORRECTION
## (AC 41747)

Alvord, Cradle and Suarez, Js.

*Syllabus*

The petitioner, who had been convicted, following a jury trial, of the crimes of murder and criminal possession of a pistol or revolver, filed a fourth petition for a writ of habeas corpus. The habeas court, upon the request of the respondent, the Commissioner of Correction, issued an order to show cause why the petition should not be dismissed as untimely given that it had been filed beyond the time limit for successive petitions set forth in the applicable statute (§ 52-470 (d)). The court held an evidentiary hearing, during which the petitioner testified that he had filed a timely third habeas petition but withdrew it prior to trial on the advice of his prior habeas counsel. The petitioner further testified that counsel did not discuss § 52-470 (d) and that, if the petitioner had known that withdrawing his third petition and refiling would result in an untimely petition, he would not have done so. The habeas court dismissed the fourth habeas petition as untimely, concluding that the petitioner had failed to demonstrate good cause for the delay in filing the petition. Thereafter, the petitioner, on the granting of certification, appealed to this court, which affirmed the judgment of the habeas court. The petitioner, on the granting of certification, appealed to the Supreme Court, which granted the petition for certification, vacated the judgment of this court, and remanded the case to this court for further consideration in light of *Rose* v. *Commissioner of Correction* (348 Conn. 333). *Held* that, after further consideration of the issue raised in this appeal, the proper remedy was to remand the matter to the habeas court for a new hearing and good cause determination under § 52-470 (d) and (e), consistent with the principles set forth in *Rose*, *Rapp* v. *Commissioner of Correction* (224 Conn. App. 336), and *Hankerson* v. *Commissioner of Correction* (223 Conn. App. 562).

Argued April 8—officially released May 14, 2024

*Procedural History*

Petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland, where the court, *Sferrazza, J.*, rendered judgment dismissing the petition; thereafter, the petitioner, on the granting of certification, appealed to this court, *Alvord, Elgo* and *Albis, Js.*, which affirmed the judgment of the habeas court; subsequently, on the granting of certification,

the petitioner appealed to the Supreme Court, which granted the petition to appeal, vacated the judgment of this court and remanded the case to this court for further proceedings. *Reversed*; *further proceedings*.

*Judie Marshall*, assigned counsel, for the appellant (petitioner).

*Linda F. Rubertone*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

SUAREZ, J. This appeal returns to this court on remand from our Supreme Court with direction to further consider the claim raised by the petitioner, Paul Coney, that the habeas court erred in dismissing his petition for a writ of habeas corpus as untimely pursuant to General Statutes § 52-470 (d) and (e) because he failed to demonstrate good cause to overcome the statutory presumption of an unreasonable delay. See *Coney* v. *Commissioner of Correction*, 348 Conn. 946, 308 A.3d 35 (2024). We reverse the judgment of the habeas court and remand the matter for a new hearing and good cause determination.

Following a jury trial, the petitioner was convicted of murder in violation of General Statutes § 53a-54a (a) and criminal possession of a pistol or revolver in violation of General Statutes (Rev. to 1999) § 53a-217c (a). The trial court sentenced the petitioner to a total term of incarceration of sixty years. Our Supreme Court affirmed the judgment of conviction. See *State* v. *Coney*, 266 Conn. 787, 822, 835 A.2d 977 (2003).

On February 20, 2004, the petitioner filed his first petition for a writ of habeas corpus in which he challenged the validity of his conviction. After the habeas court denied the petition, this court dismissed the petitioner's appeal. See *Coney* v. *Commissioner of Correction*, 117 Conn. App. 860, 867, 982 A.2d 220 (2009), cert.

denied, 294 Conn. 924, 985 A.2d 1061 (2010). On March 18, 2010, the petitioner filed his second petition for a writ of habeas corpus in which he challenged the validity of his conviction. The petitioner withdrew that petition prior to trial. On June 1, 2012, the petitioner filed his third petition for a writ of habeas corpus in which he challenged the validity of his conviction. The petitioner withdrew that petition prior to trial.

On January 20, 2015, the petitioner filed his fourth petition for a writ of habeas corpus in which he challenged the validity of his criminal conviction. The disposition of the petitioner's fourth petition is the subject of this appeal. At the request of the respondent, the Commissioner of Correction, the court, *Sferrazza, J.,* pursuant to § 52-470 (e), ordered the petitioner to show cause as to why the petition should not be dismissed as untimely in that it was filed beyond the time limit for successive petitions in § 52-470 (d). At the show cause hearing, the petitioner testified that he withdrew his third petition prior to trial on the advice of his prior habeas counsel. The petitioner further testified that prior counsel did not discuss § 52-470 (d) and that, if he had known that withdrawing the third petition and refiling would result in an untimely petition, he would not have withdrawn the third petition. Following the petitioner's testimony, the petitioner's counsel argued that prior habeas counsel's representation was ineffective and that it amounted to good cause to permit the petition to proceed under § 52-470 (e).

The court determined that the fourth petition was presumptively untimely under § 52-470 (d). Consistent with the petitioner's testimony at the good cause hearing, the court found that "[t]he trial [on the third petition] was scheduled to begin on January 12, 2015. Unfortunately, a highly desirable witness, in the view of the petitioner and his habeas counsel . . . went missing shortly before trial.

"[The petitioner's prior habeas counsel] discussed this development with the petitioner and advised him that the best course would be to withdraw the [third petition] before trial and refile the claims in a new habeas [petition] to gain more time to locate the witness for use at a future trial. The petitioner accepted this advice and withdrew the third [petition] on January 6, 2015, around one week before the first day of trial. The sole purpose of that withdrawal was to avoid trial in the hope that, if a new habeas case was initiated, the witness could be found and his testimony presented at some later date. . . .

"Neither [the petitioner's prior habeas counsel] nor the petitioner considered the effect the passage of § 52-470 (d) . . . had on the filing of a new habeas [petition] . . . that is, the petitioner could not file a new habeas [petition], directed at his criminal conviction, without invoking the presumption of undue delay, which, if unrebutted, mandated dismissal." Ultimately, the court determined that the petitioner had failed to establish good cause for the delay in filing the fourth petition. The court rejected the petitioner's theory that prior habeas counsel's "poor legal advice" was "a basis for rebutting the presumption of undue delay . . . ."

The habeas court granted the petitioner's petition for certification to appeal to this court. Following oral argument, this court ordered, sua sponte, that the appeal be stayed pending the release of *Kelsey* v. *Commissioner of Correction*, 343 Conn. 424, 274 A.3d 85 (2022). Following *Kelsey*'s release, the parties were ordered to file supplemental briefs addressing *Kelsey*'s impact on the appeal. Thereafter, this court affirmed the judgment of the habeas court after concluding "that the habeas court did not abuse its discretion in

determining that the petitioner had failed to demonstrate good cause for the delay in filing his fourth petition for a writ of habeas corpus." *Coney* v. *Commissioner of Correction*, 215 Conn. App. 99, 112, 281 A.3d 461 (2022).

The petitioner filed a petition for certification to appeal this court's decision to our Supreme Court. Our Supreme Court ruled on the petition as follows: "The petition is granted, the judgment of the Appellate Court is vacated, and the case is remanded to that court for further consideration in light of *Rose* v. *Commissioner of Correction*, 348 Conn. 333, 304 A.3d 431 (2023)." *Coney* v. *Commissioner of Correction*, supra, 348 Conn. 947.

This court sua sponte ordered the parties to submit supplemental memoranda "addressing the impact of *Rose* . . . on [the present] appeal." After the parties complied with this order, the parties were heard at oral argument. Having further considered the issue raised in this appeal, we conclude that the proper remedy is to remand the matter to the habeas court for a new hearing and good cause determination under § 52-470 (d) and (e), consistent with the principles set forth in *Rose* v. *Commissioner of Correction*, supra, 348 Conn. 333; *Rapp* v. *Commissioner of Correction*, 224 Conn. App. 336, 311 A.3d 249 (2024); and *Hankerson* v. *Commissioner of Correction*, 223 Conn. App. 562, 308 A.3d 1113 (2024).

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.